*W. F. MACARTY'S CASE.*

</div>

Habeas Corpus. The defendant was origin-
ally committed for forgery and swindling, and an
escape. The offence being alledged to have been
committed in the part of the territory of Orleans
lately taken possession of by the United States, a
rule of court was obtained for his transmission to
St. Francisville. On his way thither, he made his
escape, and was brought before a French magis-
trate, who sent him to jail, with a mittimus writ-
ten in French.

<div align="right">

A *mittimus*
in French, is
bad.
Escape, *ex
vi termini,*
means from
a lawful im-
prisonment.

</div>

---

ᵃ See a quotation from Pothier, *ante,* 74, 75.

FALL 1812.
I. District.

MACARTY's
CASE.

*Livingston* moved for his discharge, stating that the *mittimus* was unconstitutional, and conse- quently null and void.

*By the Court.* The constitution requiring that all judicial proceedings should be in the language in which the laws and constitution of the United States are written, it necessarily follows that we cannot recognize any validity or force in any judi- cial proceedings couched in any other language.

*Duncan*, attorney-general. He is still to be re- tained, under the rule of court, which has not been complied with.

AFTER some conversation, in which the Court said, and *Livingston* did not appear to deny, that the order of court was valid, although the offence, for the trial of which he was directed to be trans- ferred, was not expressed. A mittimus for an escape, in the English language, was produced, and

*Livingston*, insisted on shewing that the fact, for which he was committed, had been done in the part of the territory lately annexed, before the an- nexation, and whilst it was in the possession of the Spaniards, so that it was no offence against the state or territory ; and the commitment being un- lawful, an escape from it was lawful.

*By the Court.* The word *escape* has a well known legal meaning. *Ex vi termini,* it implies a previous legal restraint; to inquire into the existence or absence of which, would be to try the prisoner on the merits, in the same manner as, on a commitment for *larceny,* it would be, to try whether the prisoner was not the lawful owner of the goods stated to have been stolen.

FALL 1812.
I. District.

MACARTY'S CASE.

<div align="center">

PRISONER REMANDED.

</div>

<div align="center">

*PAUL MACARTY's CASE.*

</div>

