$$\begin{array}{r} 3 \quad 715 \\ 46 \quad 200 \\ \hline 3 \quad 715 \\ 114 \quad 415 \end{array}$$

## The State *v.* Ritchie.

One accused of crime can plead a former trial in bar of a prosecution for the same offence, only when it resulted either of acquittal or conviction, under such circumstances as would enable him to sustain the plea of *auterfoits acquit* or *auterfoits convict*. Where a verdict is so imperfect and uncertain that no judgment can be rendered on it, the accused must be tried again, either upon the same indictment or on a new bill.

APPEAL from the First Distrit Court of New Orleans, *Wolfe,* J. *Elmore,* Attorney General, for the State. *J. M. Wolfe* and *R. M. Carter,* for the appellant. The judgment of the court was pronounced by

King, J. This is the second appeal brought before us by the accused from judgments against him after convictions upon the same indictment. Upon the first we considered the special verdict of the jury insufficient to sustain a sentence, and reversed the judgment of the inferior court, and remanded the cause for a new trial. *Ante* p. 511. On the second trial the accused objected to the introduction of any evidence whatever on the part of the State, on the ground that he could not be twice tried for the same offence upon the same indictment. The objection was overruled, and a bill of exceptions taken to the opinion of the judge.

STATE
v.
RITCHIE.

Several errors have been assigned; but the only ground seriously urged in argument is, that presented by the bill of exceptions. We do not consider the question an open one. The accused can only oppose a former trial in bar of a prosecution for the same offence, when it has resulted in a verdict either of acquital or conviction, under such circumstances as would enable him to sustain the plea of *auterfoits acquit* or *auterfoits convict*. The first verdict was neither one of acquital, nor of conviction. We held it to be insufficient to sustain a sentence, and when this occurs the accused must again be put on his trial, as though no previous trial had taken place. The effect of the new trial is merely to grant a reexamination before another jury. The authority of courts of the first instance to grant new trials in criminal cases, and of the appellate court to order them, is beyond question. When ordered, the law officer of the State may proceed either upon the same indictment, or he may prefer a new bill. *State* v. *Brown*, 8 Rob. 566, and the authorities there cited. *State* v. *Hornsby*, Ibid 584. Wharton's Crim. Law, pp. 618, and 625 to 635.

We have examined the remaining grounds stated in the assignment of errors, as far as the imperfect record brought up by the appellant has enabled us to do so, and consider none of them tenable. As they have not been insisted upon in argument, we do not consider ourselves called upon to assign our reasons at length for overruling them.

Judgment affirmed·