THE STATE *v.* WILLIAM FOSTER.

The plea of *autrefois convict* is a special plea in bar of the prosecution pending; and in order to plead the same with effect, the crime must be the same for which the defendant was before convicted, and the conviction must have been lawful upon a sufficient indictment.

Where the indictment alleges that the prisoner had fled from justice, the proclamation of the Governor offering a reward for his apprehension, was admissible in evidence to sustain the allegation.

Where the mortal stroke is given in this State, but the death occurs in the State of Mississippi, the crime may be prosecuted in the parish where the mortal stroke was given.

When the wound was inflicted on board of a vessel in Lake Borgne, but moored to a wharf in the parish of St. Bernard, the Courts of that parish can entertain jurisdiction over the offender.

APPEAL from the First District Court of New Orleans. *Larue,* J. *Attorney General,* for the State. *Ducros,* for the defendant.

BUCHANAN, J. The defendant was indicted in the parish of St. Bernard, for the murder of *Clement Nicaise,* alleged to have been committed on the 5th November, 1850. He was found guilty of manslaughter, and, on appeal to this Court the judgment was arrested, "without prejudice to a legal prosecution for the crime of manslaughter." See the decision of this Court, delivered at the April term of 1852, not yet reported.

In pursuance of this decree an indictment for manslaughter was laid before the Grand Jury in St. Bernard, who found a true bill at the June term of 1852. A second conviction having ensued, the defendant again prosecutes an appeal before this tribunal, and prays that the judgment be arrested on the following grounds:

1st. That the Court below set aside the plea of "autrefois convict," on a mere motion of which the accused was not even informed, and by an *ex parte* order.

2d. That the proclamation of the Governor was improperly admitted in evidence before the jury, to prove the absconding of the defendant.

3d. That the indictment does not describe the place of the death of *Clement Nicaise* with sufficient certainty, inasmuch as it says "he died on Lake Borgne," without specifying in what State or jurisdiction he died.

4th. That the Court erred in refusing to charge the jury that if they found it proved that the mortal wound was inflicted in a schooner, on Lake Borgne, they must acquit the prisoner.

1. Upon the first of these points, the record shows that defendant pleaded to his indictment on the 8th of June, 1852, in writing. His plea was the general issue, to which, upon the same paper, was added a plea of *autrefois convict*, in the following words : " And the said *William Foster* further says, that, though not guilty, he has already been convicted for the same alleged offence, and sentenced to the Penitentiary by this honorable Court, in the last term of this Court, and consequently he pleads *autrefois convict*, which he is ready to verify."

To this plea the District Attorney demurred, as follows: " That to maintain the plea of *autrefois convict*, the crime must not only be the same for which the defendant was before convicted; but the conviction must have been lawful, and on a sufficient indictment. In the present case, the conviction was on an indictment clearly insufficient to sustain the verdict for manslaughter, more than a year having elapsed between the commission of the crime and the prosecution. The District Attorney, therefore, demurs to said plea, alleging for cause of demurrer that the facts are insufficient in law to bar the present prosecution, and prays the judgment of the Court, overruling and rejecting the plea of *antrefois convict.*"

This demurrer appears to have been disposed of on the same day that it was filed. The entry in the minutes is as follows: " On motion of the District Attorney, it is ordered by the Court that the plea of *autrefois convict* be set aside." This order is asserted to have been made *ex parte*, and in the absence of the defendant's counsel. But the contrary is to be inferred, from the fact that the entry in the record immediately preceding the sustaining of the demurrer, and in the same day's proceedings, is a motion of defendant's counsel to be allowed to amend his plea, which was granted. A demurrer to a plea admits the facts, and is to be decided by the Court, and not by the jury ; and we are satisfied that the plea was in this instance properly overruled. The plea of *autrefois convict* is a special plea in bar of the prosecution pending; and in order to plead the same with effect, the crime must be the same for which the defendant was before convicted, and the conviction must have been lawful upon a sufficient indictment. Chitty's Com. Law, vol. 1, p. 461. 9 East's. Rep., 441.

But the judgment was arrested upon the previous conviction in this case, precisely upon the ground that the indictment was insufficient to support a conviction for manslaughter, for want of the allegation that the accused had fled from justice, more than a year having elapsed from the commission of the offence to the finding of the bill of indictment.

2. Upon the second ground of error, we are of opinion that the proclamation of the Governor was properly received in evidence, as a circumstance tending to sustain the allegation of this indictment, that defendant had fled from justice—

an allegation necessary to justify a prosecution for manslaughter, under the circumstances.

3. The former decision of this Court in this case, above mentioned, has passed upon the third of defendant's grounds of error, in express terms. In that decision, it is said: "The common law, adopted by our act of 1805, was modified by the statute of 2d *George*, which provides that when the stroke has been given in England, and the death occurs out of England, or the reverse, the killing may be inquired of in that part of England where either the death or stroke shall happen respectively. 1 East., Pleas of the Crown. And so the late Court of Errors and Appeals in Criminal Cases held, in the case of *State* v. *McCoy* and others: "That when the mortal stroke was given in this State, but the death occurred in the State of Mississippi, the crime might be prosecuted in the parish where the mortal stroke was given." 8 Rob. Rep., 545. It was proper, therefore, to charge in the indictment the truth, that the death occurred on Lake Borgne, and it was immaterial whether it occurred within the jurisdiction of Louisiana, Mississippi or on the high-seas, within the jurisdiction of the United States."

We entirely concur in the view taken of this point by our predecessors.

4. The fourth point of error assigned, appears to us to involve a question of fact, and, as such, to be excluded from our appellate jurisdiction in criminal cases, by Article 62 of the Constitution. The indictment charges that the wound which caused the death of *Clement Nicaise*, was inflicted in the parish of St. Bernard. From the appellant's bill of exceptions, it appears that the Judge was requested to charge the jury that if they were of opinion, from the evidence that the mortal wound was inflicted on *Clement Nicaise*, while in a schooner on Lake Borgne, where there is always water at the lowest tide, the accused must be acquitted. And for the purpose, apparently, of sustaining this bill of exceptions, a part of the cross-examination of one witness has been taken in writing by the request of defendant's counsel, and sent up with the record. The question of the territorial limits of the parish of St. Bernard is probably a question of law; but the question of the place where the mortal wound was given, is undoubtedly a question of fact. We are of opinion that in the case supposed by the Judge, in the bill of exceptions, that although the wound was given on board a schooner on Lake Borgne, yet the schooner being moored to a wharf, was in the parish of St. Bernard—the Judge did not err in refusing the charge. But whether or not the schooner was at such a point as described, is a question of fact, into which we cannot inquire.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.