## No. 5569.

THE STATE OF LOUISIANA vs. E. B. MALONE, ALIAS KINCH MALONE, AND PATRICK JONES.

The accused parties, on a second information, were tried and convicted of the crime of breaking into the shop of Antonio Mucalouso, in the night time, with intent to steal, and at a time different from that charged in the first information. By the trial under said first information they were not put in jeopardy, because they were tried on a different charge. The plea of *autrefois acquit* cannot therefore avail the defendants, and was properly overruled.

APPEAL from the Superior Criminal Court, parish of Orleans. *Atocha,* J. Criminal case. *John McPhelin,* District Attorney, and

*A. P. Field,* Attorney General, for plaintiff and appellee.  *G. H. Braughn,* for defendants and appellants.

TALIAFERRO, J.   The defendants appeal from a sentence of the Superior Criminal Court condemning them to imprisonment at hard labor in the Penitentiary for the term of seven years.

It appears from the record that these defendants were tried on the twentieth of April, 1874, on information charging them with breaking and entering the dwelling-house of one Antonio Mucalouso, in the night time, with intent to steal.   The time when this crime is alleged to have been committed was the thirteenth of April, 1874.   On the trial of the accused the State failed to prove that the crime charged was committed on that day.   The jury, under the instruction of the court, rendered a verdict of not guilty.   The verdict was recorded, and the jury discharged from further consideration of the case.   On motion of the District Attorney, the accused were detained in custody, and leave granted him to file another information.   This information, the one under which the parties were subsequently tried and convicted, contains four counts:

First—That on the eleventh of April, 1874, the accused broke and entered, in the night time, the dwelling-house of Antonio Mucalouso with intent to steal.

The second count is identical with the first, except that the word "shop" is substituted for dwelling-house.

The third count sets forth that the same parties on the twelfth of April, 1874, broke and entered the dwelling-house of Antonio Mucalouso, in the night time, with intent to steal.

In like manner, the fourth count is identical with the third, except that the word "shop" is substituted for.dwelling-house.

On being arraigned on the twenty-fourth of June, 1874, and the information being read to them, they declined answering, and through their attorney filed the plea of *autrefois acquit* in bar of the indictment; and on motion the District Attorney was ordered to show cause on the twenty-ninth of June, 1874, why the information should not be quashed and the prisoners released.   On hearing this motion it was overruled, to which the accused excepted and reserved their bill, which appears in the record.

Subsequently, in the month of October following, the accused were tried under the second information, and the verdict of the jury was "guilty on the second and fourth counts."

A new trial was applied for, but ineffectually.   The accused parties were tried and convicted of the crime of breaking into the shop of Antonio Mucalouso, in the night time, with intent to steal, and at a time

6

State of Louisiana vs. Malone and Jones.

different from that charged in the first information.   By the trial under the first information they were not put in jeopardy, because they were tried on a different charge.

The plea of *autrefois acquit* cannot therefore avail the defendants, and it was properly overruled.

Judgment affirmed.

Rehearing refused.