## No. 9041.

### THE STATE OF LOUISIANA VS. PHILIP WATSON.

When in a prosecution for murder the evidence shows that the accused was the aggressor and pursued the deceased with a drawn knife, with which he afterwards gave the mortal stroke, testimony of the dangerous character of the deceased was properly rejected.

It is unnecessary to review the ruling of the trial judge, admitting as a dying declaration a statement of the deceased to the effect that the accused had inflicted the mortal wound, in view of the fact that the accused set up the plea of self-defense, which admitted the killing. The accused could not, therefore, be prejudiced by the admission of the declaration, as it only went to prove an admitted fact.

Where, at the opening of the trial, an order is made for the removal of the witnesses from the court room, and a deputy sheriff, a witness for the State, in ignorance of the order, came into the room during the trial, such fact would not of itself operate absolutely to the exclusion of his testimony. The judge could, in his discretion, admit it.

APPEAL from the Nineteenth District Court, Parish of Terrebonne. Goode, J.

*J. C. Egan*, Attorney General, for the State, Appellee.

*L. F. Suthon* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant appeals from a sentence of ten years' imprisonment at hard labor for manslaughter.

He supports his appeal by these bills of exceptions:

1. The first bill was taken to the refusal of the trial judge to admit proof of the violent or dangerous character of the deceased, offered in support of the plea of self-defense.

The judge excluded the testimony for the reason, substantially, that the evidence shows that the accused was the aggressor, and pursued the deceased some distance with a drawn knife before resistance was made by the deceased and before the accused killed the deceased by stabbing him with the knife.

This all appears in the bill. The ruling under such a state of facts was correct. To admit the proof offered there must have been threats made and communicated, followed by some act on the part of the de-

ceased to induce the belief or apprehension that the threats were about being carried into execution. Wharton Crim. Law, § 641, and authorities there cited; State vs. Ricks, 32 A. 1099; State vs. Jackson, 33 A. 1087.

2. The second bill is taken to the admission of a declaration of the deceased, after receiving the wound, that such wound was inflicted by the accused. It was offered and received as a dying declaration.

Considering the character of the defense, as shown by the first bill above recited, that the killing was justifiable because done in self-defense, and that it is an elementary principle that such plea admits the killing, we cannot discover of what possible significance the admission of the declaration in question could have been. It at most could only have amounted to cumulative evidence of a fact that was already admitted by the accused; that is, of the killing of the deceased by him. Had this declaration referred to any of the attending circumstances of the homicide, tending to establish the guilt of the accused, then the question of its admissibility would properly have arisen. But it did not so refer, but related only to the fact whether the accused inflicted the fatal wound. The admission of the declaration could not therefore have possibly prejudiced the accused, and it becomes unnecessary to decide whether it was properly received or not.

3. The third bill is to the admission of the testimony of a witness for the State, against the objection that an order for the removal of the witnesses from the court-room had been made at the opening of the trial and that this witness had remained therein, or returned to the room in disobedience of the order.

It appears that this witness was a deputy sheriff and was absent from the court-room when the order was given and knew nothing of it.

We think, under these circumstances, that the testimony of this witness was not absolutely inadmissible, but was subject to the discretion of the judge; and we cannot say that its discretion was improperly or unwisely exercised in this instance. Bishop on Crim. Pro. vol. 1, secs. 1086, 1087, 1088.

The judgment is therefore affirmed.