State vs. Wilkins.

No. 9297.

THE STATE OF LOUISIANA VS. PHYLOS WILKINS, JR.

Our Code of Practice does not assume to regulate criminal pleading and has nothing whatever to do with it.

An appeal in a criminal case lies only from the sentence or final judgment, unless the ruling of the court upon a motion, plea, or other interlocutory matter finally disposes of the case.

The meaning of the sentence " whenever the punishment of death or imprisonment at hard labour may be inflicted " is whenever the offence charged is one the legal punishment of which is death or imprisonment at hard labour.

When an appeal has been taken by the defendant from an overruling of any plea that does not finally dispose of his case, the appeal will be dismissed if the Attorney General so moves.

APPEAL from the Ninth District Court, Parish of Concordia. Young, J.

M. J. Cunningham, Attorney General, and Hugh Tullis, District Attorney, for the State, Appellee.

G. F. Bowles and G. Lemle for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. The defendant was indicted for shooting one Scott with intent to murder while lying in wait, and was put upon trial therefor, but the jury failing to agree were discharged.

Thereupon the prisoner, without being put on trial a second time, instantly filed the plea of " once in jeopardy," which being overruled he has appealed.

The Attorney General has moved to dismiss because there is no judgment to appeal from, and it must prevail.

On general principles an appeal from an interlocutory order or judgment in criminal matters does not lie. It seems necessary to continue to repeat the announcement that our Code of Practice does not assume to regulate criminal pleading and has nothing whatever to do with it. An appeal in criminal matters is regulated by the common law rules of practice except when modified by our own statutes, and the common law practice in criminal trials does not know such a proceeding as an appeal from an order (or judgment if you will) overruling a plea which does not determine the case. The appeal is from the sentence or final judgment. Our statute is that if final judgment has been rendered an appeal may be taken, Rev. Stat. Sec. 1001, and is but a recognition of the universal rule that where the ruling of the lower court does not dispose finally of the case, it can be reviewed only on

appeal from the judgment that does dispose finally of it. Wharton Cr. Pr. and Pl. Sec. 775–7.

Public policy no doubt caused the original establishment of the rule and equally demands its preservation. To permit appeals from orders overruling motions, pleas, etc., in the progress of a criminal trial, would so delay and hamper the administration of that branch of the law as to paralyse it virtually and deprive criminal statutes of more than half their terrors. The deterrent effect or influence of a denunciation of punishment as consequent upon the commission of a criminal act is augmented a hundred fold by its speedy infliction.

The point is not new. So long ago as State v. Hornsby, 8 Rob. 584 this court said the right of appeal accrues only after sentence, and refrained from dismissing that appeal because the Attorney General had not prayed it, and in two later cases on the motion of that officer, dismissed the appeals because taken before sentence had been pronounced. State v. May, 9 Ann. 69; State v. Pratt, *Idem* 157.

These two cases were decided under the Constitution of 1852 the provision of which, art. 62, is the same as that of 1879, art. 81, and differs from the verbiage of 1868, art. 74. The meaning of the sentence, "whenever the punishment of death or imprisonment at hard labour may be inflicted," is whenever the offence charged is one the legal punishment of which is death or imprisonment at hard labour. The use of the potential mood gives no countenance to the idea that an appeal will lie when a sentence of such punishment *may be* pronounced in the future as well as when it has been already pronounced, and it would be counter to our own jurisprudence which is in harmony with that elsewhere. Authorities *ut supra*, State *ex rel.*, Gabriel v. Judge, 33 Ann. 1227.

The appeal is dismissed.