State vs. Tanner et al.

## No. 9639.

### THE STATE OF LOUISIANA VS. ALLEN TANNER ET AL.

To determine whether the venue was proved or not would require this court to consider the evidence on this point, and this the court cannot do however the evidence may be presented in the record.

A verdict will not be set aside because the jury was taken into a room to deliberate on their verdict where there were a number of law books on the subject of crimes and criminal proceedings, where there is no evidence that the books were read or examined by the jury.

| 38 | 307 |
| 45 | 983 |
| 38 | 307 |
| 49 | 1010 |
| 38 | 307 |
| 107 | 327 |
| 38 | 307 |
| 109 | 604 |
| 109 | 617 |
| 109 | 618 |
| 38 | 307 |
| 112 | 335 |
| 112 | 337 |

APPEAL from the Fourth District Court, Parish of Caldwell, *Burgess*, J.

*M. J. Cunningham*, Attorney General, and *George Wear*, District Attorney, for the State, Appellee.

*J. E. Barry*, for Defendants and Appellants.

The opinion of the Court was delivered by

TODD, J. The defendants were convicted of forgery, and from a sentence of two years' imprisonment at hard labor have appealed.

There are only two grounds urged in support of the appeal.

1. That the venue was not proved.

We have no means of ascertaining whether this is true or not. The record does not show it, and even if it contained evidence on the subject this court could not consider it. The ground, substantially, is that the evidence does not support the verdict. Under the constitu-

tional restrictions and the repeated decisions on the point it is idle to make such objections before this court.

2. The second complaint is that the jury was carried into the sheriff's office to deliberate on their verdict, and that there were several law books in the room on the subject of crimes and offenses that they might have examined or consulted, and that this was such an irregularity as to vitiate the verdict.

There is no merit whatever in this contention. It is not shown or suggested even that there was an examination of any of the books by any of the jury; on the contrary it appears that the jury was ready in five minutes after retiring to return a verdict, and it is not likely that in that brief interval they resorted to books or consulted authorities to assist them in reaching their verdict. This court has already ruled on this point, and adversely to the pretensions of the defendant's counsel. State vs. Nelson, 32 Ann.

Judgment affirmed.