State vs. Mitchell and Dunn.

No. 10,484.

THE STATE OF LOUISIANA VS. BRITTON MITCHELL AND JOHN DUNN.

In the absence of proof, in a trial for murder, of an assault or hostile demonstration on the part of the accused at the time of the killing, towards his slayer, evidence of his bad character or violent disposition is inadmissible.

If it appears from bills of exception taken by the accused himself, that the deceased was fleeing from his slayer at the time of killing, the trial judge cannot be required to instruct the jury on the law of self-defence, as it would be entirely inapplicable to such a state of facts.

In instructing the jury that if they believe that certain facts have been proved on the trial, they should find a stated verdict, the trial judge does not trench on the province of the jury as the exclusive judges of the facts, or violate the rule of law which forbids him from commenting on the facts.

APPEAL from the Ninth District Court, Parish of Concordia; *Young*, J.

*Walter H. Rogers*, Attorney General, for the State, Appellee.

*Luce & Lemle*, for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J. Under an indictment for murder the defendants were tried separately, and this appeal is taken by John Dunn from a conviction of manslaughter.

It presents for review four bills of exception, which are all four predicated on certain facts recited in the first bill, which are as follows :

1. It appears from the bill that the homicide had been committed by Britton Mitchell, the deed having been accomplished with a knife handed to him during the affray by the appellant, John Dunn.

At a game of cards, an altercation had occurred between the deceased, Theodore Gury and the defendant Mitchell, during which the knife was handed to the latter by Dunn. At that juncture the deceased fled from the combat into an adjoining house, to which he was pursued by the defendants, who stopped at the door steps. In a few minutes the deceased who had attempted to procure an ax, but without success, came out of the house, carrying a small stick in his hand, but being confronted by Mitchell who stood on the steps, the deceased jumped off the side of the gallery and started to run to another house, in a row of plantation quarters. He was then pursued, overtaken, and stabbed in the back by Mitchell with the knife previously handed to him by the appellant Dunn, who, however, had besought him to stop during the second pursuit.

The bill is taken to the ruling of the judge who allowed the recital of the two scenes of the drama to go to the jury, the contention being that the first conflict which had ended with the first flight of the deceased, was not part of the *res gestœ*, with which Dunn had had any participation. It would indeed have been very convenient to Dunn to eliminate, from the recital, the acts which had connected him with the homicide; but such a course would have defeated the ends of justice, as it would have restricted the investigation to that part of the drama in which he had not participated, and which was the inseparable outgrowth of the first part of the difficulty.

There were two scenes to the act, but it was nevertheless one continuous drama, beginning in a quarrel and an altercation with blows, followed by a flight of the deceased, who took refuge in a house to which he was pursued, from which he came out and whence he was again pursued and hunted down to his death.

Under those circumstances it was manifestly impossible to place the jury in possession of the facts necessary to an intelligent verdict without a recital of all that had transpired from the beginning, at the game of cards, to the infliction of the fatal blow. As contended by counsel for appellant, he could be found guilty only of such crime as could be proved against Mitchell, whom he had abetted and assisted by means of the loan of his knife. But as he was being tried alone, it was competent for the State to prove on his trial, all the facts characterizing the acts of Mitchell. Hence it follows that the State, to show the *animus* of the latter in the second pursuit of the deceased, had the undoubted right to explain the circumstances in which he had procured the knife with which he dealt the fatal blow.

All evidence affecting Mitchell was good against Dunn, and hence the trial judge committed no error in allowing a full recital of the whole continuous difficulty to be given to the jury.

2. The refusal to admit evidence of the violent, desperate and dangerous disposition of the deceased is the ground of the second bill. The recital of facts contained in the first bill is the best justification of the judge's ruling on this point. The evidence was far from even suggesting an attack or any hostile demonstration towards the accused on the part of the deceased, who was all through the difficulty seeking to save his life by flight. It is a very wise rule of law that no one has the right to kill another simply because the latter is a bad man. Wharton on Homicide, § 482, 606; State vs. Ford, 37 Ann. 460.

The idea, as contended for by counsel for appellant, that the dangerous character for violence of a party, may be considered by the jury, as

a circumstance tending to show that the perpetrator of a homicide, who twice pursued his victim, even unto death, may have been prompted by the belief that his own life may then and there have been in danger, cannot receive judicial sanction.

3. What has just been said is in a measure sufficient to uphold the judge in his refusal to charge the jury on the law of self-defence, as shown in the third bill.

It must be noted that the facts disclosed and brought to our consideration in the first bill discussed in this opinion, are submitted at the instance of the accused himself, as the main basis of the rulings which he solicited from the trial judge, and we are therefore at a loss to appreciate or to understand the grounds on which his counsel could rest any hope to obtain a charge on the law of self defence on such a showing. It is vain for him to invoke the ruling of this Court in the case of Tucker, 38 Ann. 536 and 791.

In that case it was shown that the functions of the judge in "his instructions on the law of the case to the jury are different from those involved in rulings on the admissibility of testimony, when he is entitled to weigh the testimony as to proof of necessary foundation, as a matter involving the exercise of his own discretion."

And it was there held that when the bill recites that evidence had gone to the jury with a tendency to sustain the application of a rule of law invoked by counsel for the accused, the judge could not justify his refusal to charge the jury as requested on the ground that he did not believe the evidence, or could not admit the deduction drawn therefrom by counsel for the accused.

But surely there is no room for the application of the rule in a case where it appears from bills of the accused that the deceased met with his death after two hot pursuits by his slayer, and that under that very showing the accused requests a charge on the law of self defence. The contention of appellant's counsel on this ground of the discussion would have the tendency, if not the inevitable effect, to destroy all lines of demarkation in trials for murder touching the charges to be given to the jury.

4. The fourth bill embodies the complaint that the judge in his charge to the jury commented on the facts proved in the case, in violation of section 1963 of the Revised Statutes.

By that statute the judge is cautioned to abstain from stating or recapitulating the evidence so as to influence the decision of the jury, on the facts, or from stating or repeating to them the testimony of any witness, or from giving any opinion as to what facts have been proved

or disproved. In his charge to the jury in this case the trial judge instructed them that if they believed from the evidence, the facts substantially as enumerated in the first bill discussed in this opinion, they should find Dunn guilty of the same offence as they would have found Britton Mitchell, if he had been on his trial.

He not only avoided to recite any fact or facts proven or disproved, but he guardedly informed the jury that they were the exclusive judges of the facts. In the cases quoted by appellant's counsel, the trial judge had directly referred to certain facts as proved, or to others as of material importance, thus violating the letter as well as the spirit of the inhibition contained in the statute now under consideration. State vs. Washington, 30 Ann. 49; State vs. Swazze, 30 Ann. 1323; State vs. Alphonse, 34 Ann. 9.

A reference to these authorities affords an easy answer to the present contention of appellant's counsel. We fail to see in what manner or particulars the judge transgressed legal limitations in the charge complained of.

In instructing the jury that the party then on trial could only be guilty of such crime as had been proved against Britton Mitchell, he embodied the very theory which underlied the whole line of defence invoked by counsel for the accused, and the complaint is therefore without the slightest foundation.

Judgment affirmed.