## No. 10,832.

### THE STATE OF LOUISIANA VS. MANUEL PATERNO.

1. Jeopardy of accused does not begin until the jury is completed and sworn, and prior to that time the State's attorney may *nol. pros.* the indictment without prejudice to new proceeding for same offense.

2. Plea of former jeopardy, when, on its face, bad in law, is demurrable, and may be decided by judge without reference to the jury.

3. Evidence of bad character of party injured not admissible when accused was the attacking party, and the attack was not necessary for self-defence.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. *Mouton, J.*

*Walter H. Rogers*, Attorney General for the State, Appellee:

A *nolle prosequi* is neither an acquittal nor pardon. It simply discharges the particular indictment without barring another for the same offence. 8 R. 583; 3 An. 735; 5 An. 368.

The character of party injured is irrelevant.

*Jos. A. Chargois* and *Crow Girard* for Defendant and Appellant:

A plea of *autre fois acquit* is of a mixed nature, embracing both law and facts, and should be submitted to a jury. 42 An. 414; Wharton Crim. Law, 568; Bishop Crim. Pro. 742, 816.

State vs. Paterno.

The State and accused having declared their readiness to go to trial under a valid
indictment, trial begun and after eleven jurors have been sworn and charged
with the case, an abandonment of the prosecution by the District Attorney over
defendant's objection, bars a subsequent prosecution for the same offence.
Art. 5, Const.

Errors in names intended to be set forth correctly, should be corrected by amend-
ment. R. R. S., 1047; 25 An. 573; 35 An. 89, 1139; 39 An. 234.

Evidence of the character of the alleged injured party is proper matter to be sub-
mitted to the jury, when the foundation has been laid. 37 An. 389; 35 An. 970; 30
An. 340; Wharton Crim. Law, No. 641.

The opinion of the court was delivered by

FENNER, J.   The defendant complains of the overruling of his
plea of former jeopardy based on the fact that, under a prior indict-
ment for the same offence, the District Attorney had entered a *nolle
prosequi* during the impanelling of the jury, and before the jury had
been completed.

All authorities agree that the jeopardy of an accused does not
begin until the jury is fully impanelled and sworn, and that prior
thereto the State's attorney may *nolle prosequi* the indictment with-
out prejudice to new proceedings for the same offence.   1 Bishop
Crim. Law, Secs. 1014, 1015; 1 Wharton Crim. Law, Sec. 590.

Complaint is also made of the judge's refusal to refer the above
plea to the jury.   The plea, on its face, was not good in law, and
was clearly demurrable.   It involved no matter for a jury, and the
judge acted correctly in overruling it.

Error is charged in the refusal of the judge to admit evidence of
the dangerous character of the prosecutor, on whom the offence was
committed.

The judge's statement shows that no foundation had been laid for
the admission of such evidence.   He says:   " Defendant was keep-
ing an oyster saloon, and William Mainwaring went in to get oysters
on credit.   Defendant refused, and some hot words were exchanged,
and William picked up a vinegar bottle on the counter to strike
defendant with.   Defendant, with an oath, ordered William out, and,
leaving the bottle on the counter, the latter went out on the sidewalk
in front, but when he had reached the sidewalk he told defendant
that he had cursed him while in his establishment but could not do so
on the outside, upon which defendant drew a revolver, pointed it at
William, walked up with revolver in hand and struck the latter, at

the same time holding the revolver pointed at his head. After having received the blows from the defendant, William struck him with his fist and broke away in a run, and while he was running away, defendant shot at him when at a distance of twenty-five or thirty feet. There is no evidence that William was armed, or made any overt act other than above stated."

The shooting is the offence for which defendant is prosecuted.

It is clear that, in the renewal of the fracas, after William had left the saloon, defendant was the attacking party, and that this attack and subsequent shooting were done at a time when defendant was not in danger and when in no way necessary for his self-defence. This absence of danger and of any necessity for self-defence, leaves no foundation for evidence of character. 1 Wharton Crim. Law, Sec. 641; 2 Bishop Crim. Prac., Secs. 610, 613.

Judgment affirmed.