The opinion of the court was delivered by
Blanchard, J.
Defendant was indicted.for the forgery and utter *1008 ing of a check for twelve dollars. The jury that tried him rendered this verdict:
“We, the jury, find the accused guilty of forgery; we do not find him guilty of uttering the forged instrument, and ask for him the extreme mercy of the court.”
From a sentence of two years at hard labor he appeals.
Three bills of exception assigning errors appear in the record.
It seems that the accused was tried twice at the same term of court, each time for a different case of forgery. This appeal is from the result of the second trial. The first case was tried on the 22d of April last (1897), and second case on the 28th of April.
The accused caused a subpoena to issue in the first case on the 16th of April for a witness named Jeff. Williams, whom he averred, in his affidavit for the issuance of the subpoena, to be a resident of Winn parish.
On the 19th of April the sheriff of Winn parish made his return on the subpoena to the effect that the witness was no longer in Winn parish, and that he had removed to Union parish.
What the result of the trial of the first case was we are not informed.
The indictment in the second case was filed April 24. On Monday, the 26th, the accused was brought into court from prison, was arraigned and pleaded to the indictment. His case was then set for trial for Wednesday, the 28ch. On the 27th, the day previous to the trial, he made application, with affidavit, for subpoenas to the same witness, Williams, and one other whom it is not necessary further to refer to, since no sworn averment of the materiality of his testimony was made when the case was called for trial and who does not figure in the bills of exception.
The prisoner himself was a resident of Winn parish, and in his affidavit accompanying the application for subpoena for Williams, he alleged the latter to be a resident of Winu.
He ignored the return of the sheriff of Winn parish made on the 19th of April, in the first case, that Williams had removed from Winn to Union parish.
There was no application to subpoena Williams in Union parish.
The judge granted the application made on the 27th for subpoena for the witness Williams, “ a resident of Winn parish,” and it issued.
The sheriff of Winn, happening to be in Ouachita parish and at the *1009 court house, at once made the same return on the subpoenas in the second case that he had made on the 19th, in the first case, viz.: that Williams had removed from Winn parish to Union parish.
On the 28th the case was called for trial as per previous assignment. Defendant’s counsel first asked for time to have the subpoenas served upon his witnesses, Winn parish being some eighty miles away and the subpoenas having issued the day before. This was denied and the denial forms the subject of the first bill of exceptions. The judge gives as his reason for so ruling the fact that the witness Williams had been summoned upon the former trial of the accused, in a different case, and the accused had been apprised by the sheriff’s return in that case that the witness was not in Winn parish, but had removed to Union parish, and that he should have sent his last subpoena to the latter parish.
This ruling of the court was not erroneous. The accused’s application for a subpoena to Williams should have named the parish where he then was, instead of the parish where he formerly resided. It would be otherwise did it appear that he was not aware of the removal of the witness to Union parish. But he did not know this fact — had been officially apprised of it by the sheriff’s return in the former ease. State vs. Williams, 36 An. 854.
Defendant’s counsel then filed a motion to continue the case on account of the absence of the witness Williams, making affidavit to the materiality of his testimony, etc.
This motion was likewise overruled, the judge considering it as resting on the same grounds as the first, and was denied for the same reasons.
We are not prepared to say this was error. This court has frequently signalized its indisposition to interfere with the large discretion necessarily confided to trial judges in matters of continuance.
It is only in cases where such ruling is manifestly arbitrary and unjust that relief will be given. State vs. Primeaux, 39 An. 673.
The third and last bill of exceptions was taken to the ruling of the court in the matter of the testimony of the witness Henry Bernstein, called for the State. He was asked if he ever saw defendant write, to which he answered that he had only once, and that after he was under arrest on this charge. He also stated he had never seen defendant sign his name, nor had he seen him draw and sign the *1010 forged check. Following this witness was asked by the State if the writing in the body of the check was not, in his opinion, the writing of defendant. To which question and answer thereto defendant objected for the reason it was not shown that the witness was competent to give an opinion on this point, having seen the accused write only once and never having seen him sign his name. The objection was overruled on the ground that it went to the effect and not to the admissibility of the testimony, which, the judge adds, he stated to the jury at the time.
There was no error in this. Rice ob Evidence, Sec. 196, p. 341.
Besides, as the accused was charged with writing, not his own name, but that of another, we are unable to appreciate the force of his objection that the witness, Bernstein, had never seen him write or sign his name.
Defendant’s counsel, in their brief, make the further point in behalf of the accused that the check, for the forging of which he was convicted, was drawn in Winn parish; that it was uttered in Ouachita parish, and that since he had been acquitted of the charge of uttering and convicted only for forging, the conviction.in Ouachita parish for forging committed in Winn can not stand. They insist this question could not be raised until after the jury decided, and they now present it for our consideration.
No written assignment of error covering this point was filed in this court.
It is true the question could not be raised in the court below until the jury had decided, but it could be then raised in a motion for a new trial, and certainly in arrest of judgment.
No motion in arrest of judgment was filed, and that for new trial set forth only in general terms that the verdict was contrary to the law and the evidence.
While the forged check, as copied in the bill of indictment, bears the date of “ Winfield, La., Feby. 17, 1897,” this does not show it was so actually written in Winn parish. It might have been so written in Ouachita parish, and the place where the forgery actually occurred, if in disputation, was a question of fact for the jury. State vs. Foster, 8 An. 290.
This court will not review the evidence in the record to determine whether the venue of the crime was proved or not. State vs. Tanner, 38 An. 307.
Judgment affirmed.