(38 South. 402.)

No. 15,552.

STATE v. FOLEY.*

(March 13, 1905.)

CRIMINAL LAW—AUTRE FOIS ACQUIT—FORMER JEOPARDY.

1. Where, by reason of the date of an offense, as alleged in the indictment, the prosecution is barred by prescription, so that, quoad the offense charged, there can be no legal conviction, and the defendant, upon his own motion, whether by the trial or the appellate court, is discharged upon that ground, such offense cannot thereafter, and for the purposes of the plea of autre fois convict, be identified by him as being the same as that charged, by information subsequently filed, to have been committed at a later date, the prosecution of which is not so barred.

2. But if such identity could be established, the plea of autre fois convict is founded in the law that no one shall be twice put in jeopardy for the same offense, and the law does not consider that one has been put in jeopardy by a prosecution under an insufficient indictment; and it holds, moreover, that when his conviction is set aside, at his instance, on motion for new trial or in arrest of judgment, he thereby waives any objection that he might otherwise urge to being tried again.

3. The plea of autre fois convict, based on a conviction that has been set aside, on motion in arrest of judgment, as illegal, is, on its face, demurrable, and is properly heard and decided by the trial judge, without a jury.

———

*Rehearing denied April 10, 1905.

4. No appeal lies from the ruling of the trial judge refusing to allow a plea of autre fois convict, demurrable on its face, to be tried by jury.

(Syllabus by the Court.)

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Philip Sidney Pugh, Judge.

Paul Foley was convicted of larceny, and appeals. Affirmed.

Montgomery & Robira and John Lewis Kennedy, for appellant. Walter Guion, Atty. Gen., and William Campbell, Dist. Atty. (Lewis Guion, of counsel), for the State.

### Statement.

MONROE, J. Defendant was prosecuted and convicted of burglary and larceny, under an indictment filed in April, 1904, which charged that the offense had been committed on January 22, 1903, and he filed a motion in arrest of judgment, on the ground that, upon the face of the record, the prosecution was barred by prescription, and the conviction was therefore illegal. The motion was overruled by the district court, but, on appeal (36 South. 940), was sustained by this court, and the conviction was set aside. In December, 1904, he was prosecuted, by information, for burglary and larceny, charged to have been committed on January 22, 1904, at the same place and of the same property, and he filed a plea of autre fois convict, and prayed that the same be tried by a jury, which prayer was denied, and, the plea having been tried before the judge and overruled, the defendant, after an unsuccessful application for a new trial, appealed, and now presents his case to this court on bills of exception taken to the different rulings mentioned.

### Opinion.

It has been held by many of the courts of this country that an acquittal or conviction of a crime is no bar to a subsequent indictment for the same offense, or the same species of offense, where the latter is alleged to have been committed at a different date from that previously tried, unless the offense is continuous. Cyc. vol. 12, p. 281. See, also, State v. Malone, 28 La. Ann. 80. Under our law (Rev. Laws 1904, § 1063), the omission from an indictment of the time at which the offense charged is supposed to have been committed, or the improper statement of such time, save in cases where time is of the essence of the offense, is immaterial; hence, where a defendant in a criminal prosecution has been acquitted, or convicted, under an indictment in which no date or an impossible date, is given, or the offense is charged to have been committed upon some other than the real date, the plea of autre fois acquit, or autre fois convict, may operate as a bar to a subsequent prosecution for what is, in fact, the same offense, since the defendant might legally have been convicted thereof notwithstanding the omission or error in the indictment as to the date of its commission. But where, by reason of the date of the offense as stated in the indictment, the prosecution is barred by prescription, so that, quoad the offense, charged there can be no legal conviction, and the defendant, upon his own motion, whether by the trial or the appellate court, is discharged upon that ground, such offense cannot thereafter be identified by him as being the same as that charged, by information subsequently filed, to have been committed at a later date, the prosecution of which is not barred by prescription. Assuming, however, arguendo, that although the present defendant, on his former trial, successfully pleaded that he was charged with an offense committed on January 22, 1903, the prosecution of which was prescribed, he may now set up that such offense was and is really the same as that which he is charged by the information in this case with having committed a year later,

the prosecution of which is not prescribed, and the situation is not changed for the better so far as he is concerned.

The plea of autre fois convict is founded in the law that no one shall be twice put in jeopardy for the same offense; but the law does not consider that one has been put in jeopardy by a prosecution under an insufficient indictment, and it holds, moreover, that when his conviction is set aside, at his instance, on motion for a new trial or in arrest of judgment, he thereby waives any objection that he might otherwise urge against being tried again. Const. La. art. 9; State v. Hornsby, 8 Rob. 583, 41 Am. Dec. 314; State v. Ritchie, 3 La. Ann. 715; State v. Foster, 7 La. Ann. 256; State v. Walters, 16 La. Ann. 400; State v. Cason, 20 La. Ann. 48; Cyc. vol. 12, pp. 264, 265, 277, 278; A. & E. Ency. of Law (2d Ed.) vol. 17, p. 584; McGinn v. State (Neb.) 65 N. W. 46, 30 L. R. A. 450, 50 Am. St. Rep. 617.

It follows from this that the defendant's plea presented, necessarily, only the question of law, does a prior conviction set aside, on the defendant's appeal and motion in arrest of judgment, for the insufficiency of the indictment, bar his subsequent prosecution for the offense of which he was convicted, and that such plea was therefore demurrable, and, being demurrable, was properly tried before the judge? State v. Shaw, 5 La. Ann. 342; State v. Foster, 8 La. Ann. 290, 58 Am. Dec. 678; State v. Meekins, 41 La. Ann. 543, 6 South. 822; State v. Patorno, 43 La. Ann. 514, 9 South. 442; State v. Lee, 46 La. Ann. 623, 15 South. 159. Nor was the defendant entitled to an appeal from the ruling of the judge a quo denying him a trial of said plea by jury, since the ruling was interlocutory. State v. Hornsby, 8 Rob. 584, 41 Am. Dec. 314; State v. May, 9 La. Ann. 69; State v. Wilkins, 37 La. Ann. 62; State v. Oliver, 38 La. Ann. 633.

There is no error in the judgment appealed from, and it is accordingly affirmed.