(54 South. 290.)

No. 18,600.

STATE v. WEATHERS.

(Jan. 30, 1911.)

*(Syllabus by the Court.)*

1. HOMICIDE (§ 188*)—ASSAULT WITH INTENT TO KILL—EVIDENCE—CHARACTER OF PROSECUTING WITNESS.

Where defendant in a criminal prosecution, charged with shooting with intent to murder, is shown to have been the aggressor from the beginning, and never to have receded from that position, he does not acquire, as incident to the plea of self-defense, the right to prove the dangerous character of the man whom he was attacking.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 391–397; Dec. Dig. § 188.*]

2. WITNESSES (§ 383*)—IMPEACHMENT—COLLATERAL FACTS.

Where, from the recitals of a bill of exception, it appears either that defendant at-

tempted to impeach a state witness with reference to immaterial and collateral facts, to which he had testified, or by testimony (of the impeaching witness) as to immaterial and collateral facts, the exclusion of the testimony furnishes no ground for reversal.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1224; Dec. Dig. § 383.*]

3. CRIMINAL LAW (§ 656*)—STATEMENTS IN PRESENCE OF JURY—REQUEST TO WITHDRAW JURY.

The fact that the trial judge, in the presence of the jury, in a criminal prosecution for shooting with intent to murder, sustains an objection to testimony going to show the dangerous character of the man who was shot, on the ground that no overt act on his part immediately preceding the shooting had been proved, is not a good ground for the setting aside of the conviction, where it does not appear that any request for the withdrawal of the jury was made.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 656.*]

Appeal from Fifth Judicial District Court, Parish of Winn; George Wear, Judge.

Solomon Weathers was convicted of shooting with intent to kill, and he appeals. Affirmed.

Julius T. Long, for appellant. Walter Guion, Atty. Gen., C. P. Thornhill, Dist. Atty., and R. G. Pleasant, Asst. Atty. Gen., for the State.

## Statement.

MONROE, J. 1. Defendant, being on trial upon a charge of shooting with intent to murder, reserved a bill of exception to the refusal of the trial judge to permit him to prove the character of the man who was shot "and crimes which he had committed before the time of the shooting," for which refusal the judge gives his reasons, in substance, as follows:

That it had been shown by testimony offered on behalf of the state that as Red Bailey (the man who was shot) was making up a game of cards defendant came upon him, and, presenting a pistol, demanded money of which he said Bailey had robbed him; that Bailey put his hand in the front pocket of his trousers, and, as he drew it out, de-

fendant shot him, the money dropping from his hand to the floor, and being picked up by defendant, who then, starting to the door, fired another shot at Bailey; that, to rebut the evidence so offered, defendant placed two witnesses on the stand, one of whom corroborated the state's witnesses as to when the pistol was presented at Bailey, and the other of whom testified that the pistol was presented when Bailey put his hand in his pocket; but that after defendant's witnesses had been repeatedly placed on the stand, and doubtless had found what was necessary to be proved, they came together in their statements; that their conduct while testifying, and the great interest displayed by them on behalf of defendant, was so apparent to the court and the jury that their testimony could not be accepted by the court as true. Wherefore, the court ruled that no overt act or hostile demonstration, that could justify the shooting (had been proved); and that the evidence showed that defendant provoked the difficulty and could not, therefore, claim that he was acting in self-defense.

## Opinion.

We find no error in the ruling complained of. The testimony of the state witness, or witnesses, to whom the judge refers, does not appear to have been taken down; nor, does it appear that all of the testimony, upon the fact at issue, given by the two witnesses relied on by defendant, was taken down. So far as it goes, none of the testimony is at variance with the statement of the judge, to the effect that the defendant appeared upon the scene, and, advancing upon Bailey, presented a pistol at him and demanded the return of certain money which he said Bailey had taken from him on a previous occasion. The testimony referred to, as we find it in the record, reads:

Tom White: "We were all in there. Red Bailey and T. Mosely had been playing cards. Red breaks T., and he asked me to play with him. I told him I did'nt care, and, about that

time, Sol, he spoke. He asked Red to pay him the money he owed him. Red asked then, 'What money?' and Sol said, 'The money you took from me about a month ago.' Red, then, he said, 'Yes; that is not all I'll take.' And Red, he run his hand in his pocket, and Sol, he told him again not to come up with anything. We all jumped up and run—Klondike and T. Mosely; and Sol shot, and he (Red) run his hand in his other pocket and threw the money out. I don't know how much." M. Armstrong: "I could'nt say whether Sol was in there or not. When I discovered him, he asked Red Bailey to give him his money took away from him three weeks ago. Red Bailey said: 'That ain't all I'll take from you.' Run his hand in his right front pocket, and this boy said: 'Pay me.' And he (Red Bailey) never did pull his hand out of his pocket. I never seen the gun until he pulled it. I told you that he, the accused, shot him, and, after the first shot, Red Bailey said, 'Here's the money.' But he never put the money out on the bench until the second shot. I don't know who took the money up. When Red Bailey put his hand in his right front pocket, the accused said to him: 'Don't you pull anything up out of that pocket.' And then, after the second shot was fired by the accused, Red Bailey put his left hand into his pocket and said, 'Here's your money,' and sprinkled it out on the bench, and some dropped on the floor."

Which of the witnesses, when first examined, corroborated the testimony adduced on behalf of the state, and what he said is not disclosed, save in the statement of the trial judge. But in any event it is evident that the accused was the aggressor from the beginning, and that he never receded from that position, so that he never acquired, as incident to the plea of self-defense, the right to prove the dangerous character of the man whom he was attacking. State v. Watson, 36 La. Ann. 148; State v. Mitchell & Dunn, 41 La. Ann. 1073, 6 South. 785; State v. Paterno, 43 La. Ann. 514, 9 South. 442; State v. Thompson, 45 La. Ann. 969, 13 South. 392; State v. Fontenot, 48 La. Ann. 307, 19 South. 111; State v. Frierson, 51 La. Ann. 706, 25 South. 396; State v. Kellogg, 104 La. 580, 29 South. 285.

2. Bill No. 2 was taken to the ruling of the court excluding evidence tending to show that Will Davis, a witness called by the state, was a partner in gambling of Red Bailey, and that he and Bailey "had split winnings and losings." From the note of evidence which is made part of the bill, it appears that the testimony was objected to "for the reason that the evidence was immaterial and collateral, and that it is an effort to impeach the witness Will Davis on immaterial and collateral facts."

We find no error in the ruling complained of. If the attempt was to impeach the witness on immaterial and collateral facts, testified to by him, he was not liable to impeachment with respect thereto. If the adjectives "immaterial and collateral" relate to the facts which the impeaching witness was to testify to—in other words, to the fact that the witness was a gambling partner of Red Bailey—the objection was still good.

3. Bill No. 3 recited that:

"The court, in passing upon the question raised in the above bills, in the presence of the jury, said that no overt act had been proven to have been made by Red Bailey."

Defendant excepts to this statement because it is equivalent to telling the jury that the plea of self-defense will not lie in this case. The notes taken by the clerk on this point "are expressly made a part hereof," to which the judge adds:

"The counsel was mistaken when he says that the jury was present when I ruled that no overt act was shown. My recollection is clear that the jury was not present, as I desired to explain to counsel my reasons for so overruling, and no exception was taken by counsel, as set forth in this bill, until after the jury had rendered their verdict, and the first intimation that I had of any such exception being taken was when counsel presented this bill for 'signing.'"

The note of evidence shows that, at one time, a witness called by defendant was asked:

"What was the reputation of Red Bailey for being a dangerous negro?"

—to which the state objected, on the grounds that no overt act on the part of Red Bailey had been proven, and that the evidence, so far, had shown defendant to be the aggressor who provoked the difficulty.

The note then reads:

"Objections sustained, on the ground stated by the district attorney. To which ruling defendant excepts and reserves this as a bill of exception. Counsel further excepts to the court having incorporated, in the presence of the jury, the reasons, as his own, which were made by the district attorney."

The ground of exception last stated evidently escaped the attention of the trial judge. Several similar objections were made by the district attorney, and, whether in or out of the presence of the jury, were sustained by the court. If counsel for defendant, in the particular instance in question, apprehended that the ruling of the court, in the presence of the jury, was likely to prejudice his client, he should have asked that the jury be withdrawn. As the matter stands, the possibility of such prejudice is too remote to call for a reversal of the verdict and judgment appealed from.

4. Bill No. 4 recites that "while the judge was charging the jury, he said:

"However, your attention has somewhat been called to the law of self-defense,"

—to which remark defendant excepted "because it was calculated and did cause the jury to disregard the testimony given in behalf of defendant."

The statement per curiam attached to the bill is:

"After charging the jury as to the law applicable to the case, I then gave the jury the law of self-defense. Defendant complains that, in charging the jury, the court used the words 'your attention has been somewhat called to the law of self-defense.' I may have used the words complained of, but nothing was intended except to call their attention especially to the law of self-defense, upon which I charged them fully, and no objection or exception was made or taken in this matter until after the jury had rendered its verdict."

We find no merit in the bill.

5. A bill of exception was taken to the overruling of a motion for new trial, but it presents nothing that has not been considered.

Judgment affirmed.