(101 South. 1)

No. 26731.

**CITY OF NEW ORLEANS v. HUGHES et al.**

**In re HUGHES et al.**

(July 8, 1924.)

*(Syllabus by Editorial Staff.)*

Criminal law ⬤1011—Prohibition ⬤3(4), 28—Question as to place of alleged offense one of fact, into which Supreme Court cannot inquire on certiorari or prohibition; accused's remedy is by appeal.

The question of the place where or the spot at which an alleged offense is committed is a question of fact, into which the Supreme Court, cannot inquire on application for certiorari or prohibition, and the remedy is by appeal to the criminal district court, under Const. 1921, art. 7, § 83.

Certiorari to Recorder's Court of New Orleans; J. R. Leinenger, Judge.

William Hughes and another were convicted of an offense, and apply for writs of certiorari and prohibition. Writs denied.

John E. Fleury, of Gretna, for relators.

By the WHOLE COURT.

ST. PAUL, J. I think the writ should be refused.

The question of the territorial limits of the parish of Orleans is "*probably a question of law,*" but the question of the place where (i. e., the spot at which) the alleged offense is charged to have been committed is "*undoubtedly a question of fact, * * * into which we cannot inquire.*" State v. Foster, 8 La. Ann. 290, 292, 58 Am. Dec. 678. See also: Macarty's Case, 2 Mart. (O. S.) 277, 278; State v. Tanner, 38 La. Ann. 307; State v. Nettles, 41 La. Ann. 323, 6 South. 562; State v. Starks, 42 La. Ann. 316, 7 South. 540; State v. Clifford, 45 La. Ann. 983, 13 South. 281; State v. Thornton, 49 La. Ann. 1007, 22 South. 315; State v. Kline, 109 La. 603, 33 South. 618; State v. Jackson, 142 La. 540,

77 South. 196, L. R. A. 1918B, 1178, and authorities cited.

Relators' remedy is by appeal in due course *"on the law and on the facts"* to the criminal district court for the parish of Orleans. Const. 1921, art. 7, § 83 (p. 62).

PER CURIAM. Writ refused.