I concur in the decree, affirming the verdict and sentence in this case, but not in the interpretation which the court has given to article 482 of the Code of Criminal Procedure, in the ruling on the bill of exception No. 3. In disposing of that bill I consider it sufficient to say that the testimony which the judge excluded was not relevant *Page 1001 
to any issue before the jury, as far as the record shows. The only issue to which evidence of previous threats or of the dangerous character of the deceased is relevant, in a homicide case in which the defendant invokes the law of self-defense, is the issue as to who was the aggressor in the fatal difficulty. If there is any evidence at all to put that question at issue before the jury, then evidence of previous threats or of the dangerous character of the deceased becomes relevant and admissible, because it tends to make it likely that the deceased was the aggressor in the fatal difficulty.
My interpretation of article 482 of the Code of Criminal Procedure is that the word proof is used as being synonymous with the word evidence, in the phrase "In the absence of proof of hostile demonstration or of overt act on the part of the person slain or injured." In Webster's New International Dictionary the words proof and evidence are said to be sometimes interchangeable, — one of the definitions of the word proof
being: "also that which proves or tends to prove; that which induces or tends to induce certainty of judgment; evidence". When we say that there is no proof of an alleged fact we mean that there is no evidence of it. To construe the word proof
— as used in article 482 of the Code of Criminal Procedure — as the word proof is construed in the decisions quoted in the prevailing opinion in this case, would require the defendant, depending upon the law of self-defense in a homicide case, to prove to the satisfaction of the judge that he, the defendant, is entitled to *Page 1002 
an acquittal under the law of self-defense, before he can be permitted to introduce evidence of previous threats or of the dangerous character of the person whom he killed. The only purpose for which such evidence is admissible is to prove — as far as it may tend to prove — that the deceased was the aggressor in the fatal difficulty and hence that the defendant acted in lawful self-defense. Therefore, to hold that the defendant in such a case must prove that he is entitled to an acquittal under the law of self-defense — before he can be permitted to introduce certain evidence which cannot serve any other purpose — and which is not admissible for any other purpose — than to prove that he acted in self defense — is arguing in a circle. It is choplogic. It is a denial of due process of law to require a defendant in a criminal prosecution to prove his innocence to the satisfaction of the judge before he can be permitted to introduce evidence which is conceded to be admissible only because of its being relevant to the question of fact — and the only question of fact — which the jury must decide ultimately — the question as to which one of the parties was the aggressor in the fatal difficulty. That is why I adhere so persistently to my opposition to the doctrine of the decisions quoted in the prevailing opinion in this case. One of those decisions, — the one rendered in State v. Ford, 37 La.Ann. 443, 460, — was overruled in State v. Kellogg, 104 La. 580, loc. cit. 599, 29 So. 285, loc. cit. 294, — thus:
"It is true that in the case of State v. Ford, 37 La.Ann. 443, the jurisdiction, which, as we have seen, is vested in the *Page 1003 
trial judge with respect to collateral facts, was held to extend to facts bearing upon the question of guilt or innocence, and that precedent has been followed in later cases. A careful reconsideration of the subject has, however, led to the conclusion that our fundamental law requires that, where it becomes necessary to determine the question of the existence vel non of any fact bearing upon the guilt or innocence of the accused in a criminal case, such question should be submitted to the jury, provided there is any evidence tending to establish such fact." [The italics are mine].
The decision in State v. Kellogg has not been overruled or referred to unfavorably in any case. It has been cited with approval many times, particularly in the following cases: State v. Perioux, 107 La. 601, 31 So. 1016; State v. Allen,111 La. 154, 35 So. 495; State v. Golden, 113 La. 791, 37 So. 757; State v. Weathers, 127 La. 930, 54 So. 290; State v. Warton,136 La. 516, 67 So. 350; State v. Boudreaux, 137 La. 227, 68 So. 422.
The Ford Case — as stated in the Kellogg Case — is the one in which the error originated. In State v. Boudreaux, 137 La. 227, 68 So. 422, the court cited the Kellogg Case as being one of the cases in which the doctrine of the Ford Case was affirmed instead of being overruled. It is true that the later decisions, some of which are quoted in the prevailing opinion in this case, maintain that the defendant in a homicide case, invoking the law of self defense, must, in order to be permitted to introduce evidence of previous threats or of the dangerous character of the deceased, *Page 1004 
prove to the satisfaction of the judge that the deceased made a hostile demonstration to take his — the defendant's — life, or to do him great bodily harm, at the moment of the killing. And these decisions go so far as to maintain that the so-called "hostile demonstration" or "overt act" must be proved to have been one "which manifests to the mind of a reasonable person a present intention on his part [on the part of the deceased] to kill the defendant or do him great bodily harm." That is a clearcut statement of the law of self-defense. It is so quoted in the prevailing opinion in this case; and it cannot mean anything else but that the defendant in such a case must prove to the satisfaction of the judge that he, the defendant, is entitled to an acquittal under the law of self-defense, before he can introduce evidence of previous threats or of the dangerous character of the deceased. It means that although such evidence is admissible in support of a plea of self-defense it is not admissible until the defendant convinces the judge that the evidence is not necessary to entitle him, the defendant, to an acquittal under the law of self-defense. Why should a defendant ever introduce evidence of previous threats or of the dangerous character of the deceased after the judge has given a ruling which must compel him to set aside the verdict if the jury convicts the defendant?
Aside from the unreasonableness of this doctrine — from which I respectfully dissent — and the manifest unconstitutionality of allowing the trial judge to take away from the jury and to decide the only question of fact on which depends the guilt or *Page 1005 
innocence of the defendant in a case like this, the doctrine cannot be reconciled with the rule — which is universally recognized — that self-defense is not a special plea, — that the defendant who invokes the law of self-defense does not bear the burden of proving that he acted in self-defense, — that the State bears the burden of proving that the homicide was committed feloniously, and not in self-defense. There has been no departure from that rule in the decisions of this court. It was so declared in the following cases: State v. Ardoin,128 La. 14, 54 So. 407, Ann.Cas. 1912C, 45; State v. Varnado,128 La. 883, 55 So. 562; State v. Herring et al., 131 La. 972, 60 So. 634; State v. Johnson, 149 La. 922, 90 So. 257; State v. Scarborough, 152 La. 669, 94 So. 204; State v. Vial,153 La. 883, 96 So. 796; State v. Linden, 154 La. 65, 97 So. 299; State v. Conda, 156 La. 679, 101 So. 19; State v. Richardson,175 La. 823, 144 So. 587; State v. Disotell, 181 La. 149, 158 So. 825; State v. Thornhill, 188 La. 762, 178 So. 343; State v. Goodwin,189 La. 443, 179 So. 591.
In Wigmore on Evidence, 2d Ed., vol. 1, pp. 345, 346, § 110, the rule is stated thus:
"Where on a charge of homicide the excuse is self-defense, and the controversy is whether the deceased was the aggressor, the deceased's threats against the accused are relevant. The deceased's design to do violence upon the defendant is of some value *Page 1006 
to show that on the occasion in question he did carry out, or attempt to carry out, his design. Moreover, it is the fact of his design, irrespective of its communication to the defendant, that is evidential."
In the next section Professor Wigmore declares:
"This evidence is now conceded to be admissible, by virtually all courts."
The author cites Wiggins v. State of Utah, 93 U.S. 465, 23 L.Ed. 941; Allison v. United States, 160 U.S. 203, 215, 16 S.Ct. 252, 40 L.Ed. 395; Stevenson v. United States, 162 U.S. 313, 16 S.Ct. 839, 40 L.Ed. 980; Wallace v. United States, 162 U.S. 466, 16 S.Ct. 859, 40 L.Ed. 1039; Thompson v. United States,155 U.S. 271, 15 S.Ct. 73, 39 L.Ed. 146. See also Underhill's Criminal Evidence, 4th Ed., p. 1121, § 564; Wharton's Criminal Evidence, 11th Ed., vol. 1, p. 371, § 286; Rice on Evidence, vol. 3, p. 575, § 362, Ch. Evidence of Self-Defense.
For a complete review of the jurisprudence on this subject — of this court and of the Supreme Court of the United States — and the opinions of the text writers on this branch of criminal law and of the law of evidence — I respectfully refer to my dissenting opinion in State v. Boudreaux, 137 La. 227, 68 So. 425, and the one in State v. Thornhill, 188 La. 762, loc. cit. 794, 178 So. 343, loc. cit. 354; to which opinions I am constrained to adhere. *Page 1007