(37 South. 614.)

No. 15,403.

STATE v. ALLEN.

(Dec. 5, 1904.)

CRIMINAL LAW—CONTINUANCE—EVIDENCE—OB-
JECTIONS—REVIEW—BIGAMY.

1. The application for a continuance was properly refused under the state of facts disclosed by the bill of exceptions.

2. A paper certified to by the clerk of the circuit court of Wabash county, Ind., to the effect that it was a "true copy" of a particular document as it appeared on file and of record in his office, is properly admitted in evidence as against the specific objection made that, when admitted under such a certificate, it would not prove the verity of the facts recited in the document itself, nor the capacity or authority of the person who executed that document. The objections set up went to the effect of the document, not to its admissibility under the certificate of the clerk. The certificate to the document was not such as the objection assumed it to be. The attestation of the judge of the circuit court to the document was sufficient for a certificate such as this was.

3. A letter offered in evidence was properly admitted, as against the specific objections that it was not complete and had no date. It was not essential for the letter itself to have had a date. The date of the writing could be established aliunde. It was not pretended that the letter, in its condition as offered, was not the precise letter received; besides, the specific purpose for which it was offered was not affected by the fact of the contents not being complete.

4. Defendant was indicted for bigamy, his first marriage being charged to have been celebrated in Indiana. On the trial, defendant permitted evidence, direct or circumstantial, or both, to be admitted as to the facts connected with the celebration of the marriage in Indiana. The statutes of Indiana were not offered in evidence. The jury returned a verdict of guilty. On appeal the judgment is asked to be reversed on the ground that, in the absence of affirmative proof before the jury of the laws of Indiana, it was without right to assume that the laws of Indiana were similar to our own, and apply the laws of Louisiana to the evidence adduced. The jury having returned a verdict of guilty, and the court having refused a new trial based on the claim that the verdict was contrary to the law and the evidence, the appellate court is bound to assume, until the contrary be affirmatively shown, that the jury had before it evidence to justify the verdict. State v. Barrow, 31 La. Ann. 692.

The Supreme Court is not justified in reversing the verdict of the jury upon the pure "assumption" on its part that the laws of Indiana differed from those of Louisiana, and that the first marriage was a nullity.

(Syllabus by the Court.)

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; Louis P. Caillouet, Judge.

Jerry H. Allen was convicted of bigamy, and appeals. Affirmed.

L. C. Moise, for appellant. Walter Guion, Atty. Gen., and Whitmell Pugh Martin, Dist. Atty. (Lewis Guion and Harris Auguste Gagné, of counsel), for the State.

## Statement of the Case.

NICHOLLS, J. The defendant is appellant from the verdict of a jury convicting him of the crime of bigamy, and from the judgment of the district court sentencing him to imprisonment at hard labor in the State Penitentiary for three years (subject to a diminution of sentence for good conduct as provided by law).

An application for a new trial, based upon the allegation that the verdict of the jury was contrary to the law and the evidence, had been overruled by the court. The grounds on which appellant depends for reversal are contained in four bills of exception.

Bill of exception No. 1 is taken to the refusal of the court to grant defendant a continuance on the motion and affidavit made by him.

Bill of exception No. 2 is taken to the ruling of the district court in admitting in evidence certified copy of the certificate of marriage between Anna Parker and the accused, Jerry H. Allen, taken from the marriage records of Wabash county, Ind.

Bill of exception No. 3 is taken to a ruling of the trial judge in admitting a certain letter offered in evidence by the state.

Bill of exception No. 4 was taken to the refusal of the trial judge to charge that the solemnities of the marriage should, together with the laws of Indiana, be proved.

### Bill of Exception No. 1.

Defendant moved for a continuance upon his affidavit that James E. Bole was a material witness for him on the trial of the cause; that he was absent without affiant's consent or procurement; that he used all diligence to procure the attendance of said witness, but that he resides outside of the state; that affiant had been in jail for the past four months under a bond of $1,000, and, being a stranger in the parish of Terrebonne, he had been unable to procure or furnish bond; that his attorney, J. C. Moise, had only been appointed a few days before to defend him, and that he had been unable to work to provide the means of obtaining said witness for the trial of the case; that, if a continuance was granted and the bond reduced, affiant could safely proceed to trial; that he expected to prove by the said witness that at the time of his alleged first marriage (which he denied to be true) he was not in the town as pretended to be alleged by the state, but was in another part of the state, which made it a physical impossibility to have contracted said pretended marriage, and that the said fact could not be proven by any other witness or person, and he expected to have the said witness present at the next jury term of court on a day fixed by the court; that the application for a continuance was not made for delay, but for the purpose of justice.

The judge refused the continuance, stating that the application was filed on the day the case was fixed for trial; that the affidavit showed on its face a lack of due diligence; that no application was made in due time to procure the process of the court to secure the attendance of the desired absent witness; that, even if the court had been moved, it would have been a useless formality, as it showed that the absent witness resided and was out of the state and beyond its jurisdiction. It further did not appear from the affidavit that the witness could or would be produced at some future trial, but that he (accused) expected the said witness at the next jury term of court.

"That the minutes of the court showed that J. C. Moise was assigned to defend the accused on October 13, 1904, and no motion was made for continuance on the ground that the attorney had not had time to prepare for the defense; the only complaint, as disclosed by the affidavit for a continuance, being the absence of the witness who, as stated, was outside of the state and beyond the jurisdiction of the court."

### Bill of Exception No. 2.

The bill recites that on the trial of the case the state offered in evidence what purported to be a certificate of marriage from Wabash county between Anna Parker and the accused, Allen, together with the attestation of the judge of that court where the records are supposed to be kept, to which evidence defendant objected on the grounds:

(1) That the mere fact of a party being a custodian of a record did not prove the signature of the justice of the peace; that, it being a private document, the signature of the justice of the peace should be identified or sworn to, which was not done upon this certificate; and it was not shown under these facts whether the said J. P. Brewer was the justice of the peace. It was simply a certificate showing it to be in the archives of the court of Wabash county.

(2) That the attestation of the judge of that court was not sufficient—the court should have attested to the fact that "it was in due form of law" according to the laws of Indiana, where the marriage was alleged to have taken place, but that these objections were overruled by the court.

The judge, in his addendum to the bill, stated that:

"He annexed, as part of it, and in explanation of his reasons for denying the objections, the certificate of marriage referred to in the bill, under the item 1st, and also the copy of the marriage license, and the certificate of the clerk of court of the Wabash circuit court, who certifies and shows the marriage license and marriage certificate objected to to be true copies of the marriage license and marriage certificate of

J. H. Allen and Anna Parker, as the same appears upon the marriage record on file in his, the clerk's, office."

The certificate of the judge shows that the clerk who signed this certificate was the duly qualified clerk of the Wabash circuit court, and as such clerk had the legal custody of the marriage records of Wabash county, Ind., and that his official acts in relation thereto were entitled to credit, and that the clerk's signature to said certificate was genuine. This certificate is followed by the certificate of the clerk that the judge, who signed was, at the time he signed it, judge of the Wabash circuit court, and that his signature was genuine. Thus a careful inspection of these documents shows that the certificate of marriage objected to was duly certified and authenticated, and therefore admissible in evidence.

The documents here referred to and made part of the bill are as follows:

"Certificate of Marriage.
"J. H. Allen & Anna Parker:

                 Be it remembered, That here-
J. H. Allen    tofore to-wit, on the 6th day
   to          of August, 1900, the following
Anna Parker.    Marriage License was issued
                 to-wit:

"Indiana, to-wit: Wabash County.

"To all who shall see these presents, Greetings.

"Know ye, that any person empowered by law to solemnize marriages, is hereby authorized to join together as husband and wife J. H. Allen and Anna Parker, and for so doing this shall be your sufficient authority.

"In testimony Whereof, I, J. H. Lafforge, Clerk of the Wabash Circuit Court, at Wabash, this 6th day of August, 1900.
           "John H. Lafforge, Clerk.

"Be it further remembered, that afterward, to-wit: on the 6 day of August 1900 the following certificate of marriage was filed in my office, to-wit:

"Indiana, to-wit, Wabash County, ss.

"This certifies, that I joined in marriage as husband and wife J. H. Allen and Anna Parker on the 6th day of August, 1900.
           "E. G. Brewer, J. P.

"State of Indiana, Wabash County, ss. ·

"I, C. S. Rose, Clerk of the Circuit Court within and for said County of Wabash, and State of Indiana, do hereby certify the foregoing to be true and correct copies of the Marriage License and Certificate of Marriage of J. H. Allen to Anna Parker as the same now ap-

pears upon the Marriage Record now on file in my office.

"In Witness Whereof, I have hereunto subscribed my name, and affixed the seal of said Court, at Wabash, Wabash County, Indiana, on this 28 day of May, 1904.
"[L. S.]        [Signed]   C. S. Rose,
      "Clerk of the Wabash Circuit Court.

"State of Indiana, County of Wabash.

"I, A. H. Plummer, Judge of the Wabash Circuit Court, hereby certify that Chas. S. Rose, whose name appears to the foregoing certificate, was on the date therein indicated, and is now the duly elected, qualified and acting clerk of the Wabash Circuit Court, that he as such Clerk has the legal custody of the Marriage Records of said County, and that his official acts in relation thereto, are entitled to credit, and that I am well acquainted with his handwriting, and that his signature to said certificate is genuine.

"In witness whereof, I hereunto subscribe my name this ——— day of ———, 1904.
        "[Signed]   A. H. Plummer.
         "Judge Wabash Circuit Court.

"State of Indiana, County of Wabash, ss.

"I, Chas. S. Rose, Clerk of the Wabash Circuit Court, hereby certify that A. H. Plummer, whose name appears to the Certificate last above written is now and was at the date therein indicated, the duly elected, qualified and acting Judge of the Wabash Circuit; that I am well acquainted with his signature, and that said signature as above written is genuine.

"In witness whereof, I hereunto subscribe my name and affix the seal of said court, at Wabash, Indiana, this ——— day of ———, 1904.
"[L. S.]      [Signed]   C. S. Rose, Clerk.
"Filed Oct. 17, 1904.
      "[Signed]   E. C. Wurzlow, Clerk."

### Bill of Exception No. 3.

This bill recites that on the trial of the cause the state offered in evidence a letter purporting to be from the accused to the woman said to be his wife, in order to show a correspondence between them. The defendant objected to the letter on the ground that, there being no date to the letter as to the year in which it was written, it could not affect the accused, as it might have been written before the second alleged marriage, and therefore could not affect him, as that fact the state failed to show.

(2) That the entire letter should have been offered in evidence, as a glance at the letter shows that it is not complete (it is numbered page 1); that all of the letter should have been offered in evidence. That, notwithstand-

ing said objections, the judge of the court overruled the same and admitted the evidence.

The judge in the per curiam of the bill states that the letter which was annexed and made part of the bill was first identified by the witness who was on the stand, and who had received the letter through the mail, as being wholly written by the accused, with whose handwriting, she declared, she was very familiar. After having been so identified, it was offered and admitted in evidence, but never read or placed in any other way before the jury at any time, so that, even if error was committed by admitting it in evidence, no injury resulted from such error; it not having been read to the jury, or otherwise put in their possession by any other means of communication.

A copy of the letter as received is copied in the transcript.

### Bill of Exception No. 4.

The bill recites that on the trial counsel of defendant requested the court to charge that the solemnities of the marriage, together with its forms according to laws of Indiana, should be proved. The proof having shown upon the trial of the cause that the first marriage had taken place in Indiana, and that the courts of Louisiana would not take judicial cognizance of the statutes and laws of Indiana, that a marriage to be valid in Indiana it should be shown that the contract complied with the necessary formalities and solemnities of the state of Indiana.

This charge was refused by the court, defendant reserving a bill.

The judge, in signing the bill, stated that this charge was requested and refused at the end of the general charge; that it was refused because the court had fully charged and instructed the jury on the point in question —that the marriage of J. H. Allen (the accused) and Anna Parker (his first wife), which was shown to have been celebrated in Wabash, in the state of Indiana, to be valid,

must be shown to have been entered into and celebrated according to the laws of Indiana (the lex loci); that, as the court and jury could not take judicial notice of the statutory laws of Indiana, that law should be proven; if proven in evidence, then the marriage must be proven to have been entered into and celebrated according to the laws of Indiana, as proven; that if the laws of Indiana were not proven on the trial, then, under our law, it is presumed that the laws of Indiana are the same as the laws of Louisiana on the subject of the marriage contract and of the celebration thereof; that under the laws of Louisiana a marriage license must precede the marriage; that a justice of the peace is an officer authorized to celebrate marriages; that he must make a marriage certificate evidencing the celebration of the marriage, signed by the parties, three witnesses, and by the justice, which must be returned to the clerk of court issuing the license; that under the laws and jurisprudence of Louisiana, even if the justice of the peace should omit to cause the parties and the witnesses to sign the certificate of marriage, the marriage would be none the less valid if, as a matter of fact, it had been actually entered into by the parties before said justice and consummated. At the time this charge was given, the evidence before the jury was that the accused and Anna Parker had been married in Indiana by the justice of the peace whose signature was attached to the marriage certificate produced in evidence and attached to another bill of exception signed by the court; that the marriage had been followed by the cohabitation of the parties. The laws of Indiana on the subject of marriage had not been proved in evidence, and the court assumed them, under the legal presumption above referred to, to be the same as the laws of Louisiana.

### Opinion.

The jury having returned a verdict of guilty, and the court having refused to grant

a new trial based on the claim of the defendant that that verdict was contrary to the law and the evidence, we must assume, until the contrary be shown, that there was evidence before the jury justifying it. State v. Barrow, 31 La. Ann. 692. The defendant in this case seeks to break the force of the verdict by claiming that, had a continuance been granted him in order to secure the presence at the trial of a witness then absent, the result of the prosecution would have been other than it was. He claims that he could have proved by that witness, and he alone, that he was not present in the town where the marriage was asserted to have taken place, at the time stated, but that he was then in another part of the state, which made it impossible for such marriage to have been celebrated. Though defendant names the witness, no one was produced who had either seen or known him, or could fix either his past or present or future residence. Appellant does not pretend to know, himself, anything in regard to his movements. It affirmatively appears that he was beyond the limits of the state, and beyond the jurisdiction and process of the court.

If the facts stated by the accused were such as he asserts them to be, the case would be one of individual hardship; but it is very apparent that to delay prosecutions upon such uncertain and indefinite data and expectations as he urges would be to hamper the administration of justice generally to a degree not to be thought of. Applications of this kind have been repeatedly denied by the courts. We think that the reasons assigned by the district judge for his ruling fully justified his action, and that it was based upon the jurisprudence of the state.

The specific objection urged by defendant to the admission of the copies of the documents from Wabash county certified to by the clerk of the Wabash circuit court were that the signature of the justice of the peace who signed the marriage certificate was not proved by production of a certificate from the custodian of marriage records that such a certificate of marriage was recorded in his office; that the signature of the justice of the peace was not identified or sworn to, as should have been done upon the certificate of marriage; and that the attestation of the judge in reference to the certificate was insufficient, as he did not certify that "that certificate was in due form of law."

The objection was not made that the state was attempting to prove by secondary evidence, and through or by means of the certified copy obtained from the clerk of court, that J. P. Brewer, who signed the marriage certificate, was in fact a justice of the peace, and authorized as such to celebrate marriages, and that the signature to the marriage certificate, purporting to be his, was genuine.

It does not appear that the state, in offering the copy referred to, had in view the establishing through it of the facts stated, and was seeking to have given to that copy an effect which the law did not justify. The object and purpose of the offering of the copy was not stated by the district attorney. The prosecution simply offered a copy of certain documents which were certified to by the clerk of the Wabash circuit court as being "true copies" of documents which were of record in his office. The clerk did not pretend to certify anything beyond the fact that the copy furnished was a transcript from the records of the court of which he was the clerk. The circuit judge certified to the fact that, at the time of the furnishing of the copy, Rose was then the qualified clerk of the court, and that as such clerk he had the custody of the marriage records of Wabash county; that the signature attached to a particular copy as being the clerk's signature was genuine; and that the official acts of the clerk in reference to marriage records was entitled to credit.

Clerks of court are authorized by our law to make copies of the acts which are record-

ed in their office, and certify to the fact that they are "true copies" taken from the record. The certificate, as rem ipsam, carries with it the verity of that fact. We think that such authority prevails everywhere. West Feliciana R. Co. v. Thornton, 12 La. Ann. 736, 68 Am. Dec. 778.

If the defense feared that the prosecution proposed using later the copy which it had obtained for a purpose not authorized in law, it should have asked at the time that the purpose of the offering should be restricted, or it should have asked the court later to charge the jury on that subject.

We would not be warranted (we think) in assuming that proof of the authority of the justice of the peace as such to celebrate marriages, and proof of the genuineness of the signature of Brewer to the marriage certificate, was made by the prosecution to rest upon the certificate which had been furnished by the clerk. We must assume that these facts were established by direct or circumstantial evidence, or both, dehors the certificate.

We think the copies of the documents certified to by the clerk of Wabash circuit court were properly admitted in evidence as true copies.

### Bill of Exception No. 3.

The letter whose admission in evidence was objected to by the defendant is stated by the judge to have never been read to the jury, or otherwise placed before it. Counsel of the defendant admits that fact, but says that it was referred to in the argument of the district attorney. However this may be, we think the objections urged against its being received were not tenable as against its admissibility.

The bill recites that it was a letter purporting to be from the accused to the woman said to be his wife, in order to show a correspondence between them. The judge states that "before it was received in evidence it

was identified by the witness then on the stand (who had received the letter through the mail) as being wholly written by the accused." It is claimed that the letter as offered and received was not a complete letter, being page one (1) on one side and page four (4) on the other, so that pages 2 and 3 were missing. It is not claimed that the letter as placed in evidence was not the precise letter which had been received, and that it was not, when offered, in the condition it was when received. We presume the object of offering this letter was to fix the identity of the accused as being the person charged. We have read the letter, and do not think that the purpose in view was affected in the slightest degree by the fact that pages 2 and 3 may have been missing. There was nothing in the "contents" of that part of the letter which was received which could injuriously affect the accused. It was not the contents of the letter which bore against him, but the fact itself that he it was who had written the letter (such as it was) to that particular witness. It was not essentially necessary that the letter should have borne a date. The date of the letter could be established aliunde by parol evidence.

### Bill of Exception No. 4.

We do not think that the complaint made in this bill that the judge should have given the jury the special charges requested is well grounded. We are of the opinion that the charge actually given was correct, and as full as necessary. The position contended for by the defendant, as we understand it, is that, inasmuch as the first of the two marriages which the defendant is charged to have contracted was not contracted (as was the second) in Louisiana, but in Indiana, it was not sufficient; that the evidence adduced on the trial should have been such as to have established the fact of a marriage legal in Louisiana, but that the prosecution should have gone further, and, as part of its

case, have proved affirmatively what the law of Indiana was on the subject of marriages, and what were the formalities to be observed therein in the celebration of marriages; that, these formalities having been shown, it was imperative that the prosecution should have proved affirmatively that they had been pursued in the particular case; that it was not permissible to let the case go to the jury on the theory, in the absence of proof to the contrary, that the laws of Indiana would be presumed to be the same as those of Louisiana.

We do not know what evidence was adduced on the trial, but we do know that appellant permitted evidence, direct or circumstantial, or both, to go to the jury, which convinced it beyond reasonable doubt that at the time of the celebration of his marriage in Louisiana he had prior to that time contracted a valid marriage in Indiana, which marriage was still in existence. That verdict, as we have said, we must take to be correct until it has been shown to us affirmatively that it is erroneous.

We are asked by appellant to set it aside upon the pure "assumption" on our part that, had the statutes of Indiana been offered and received in evidence, the marriage celebrated in Indiana would have been shown to have been not valid. We would not be warranted in setting aside a verdict upon such a pure assumption on our part.

We find no legal ground for reversing the judgment, and it is hereby affirmed.