BREAUX, C. J.
Defendant was charged with murder, and found guilty as charged without capital punishment.
The following gave rise to one of the points at issue: The trial judge charged the jury that self-defense, pleaded by the defendant, admits the killing. To quote literally from the charge: Self-defense admits the killing.
That a defendant, in a case of homicide, in order to maintain self-defense, must show that his life was in imminent danger, or that he was exposed to bodily harm.
The exception of the defense was that the court erred in instructing the jury that self-defense admits the killing; and that the charge was also erroneous because the court instructed the jury that it was incumbent upon the defendant to show that he was justified in taking the life of the decedent. That, under the plea of not guilty, it was not incumbent upon the defense to show anything; it was the duty of the state to show beyond reasonable doubt that defendant was guilty either of murder or manslaughter.
To the first part of defendant’s objection, we will state, without discussing the subject much further, that the ruling of the district court in rega.rd to defendant’s acknowledgment of the killing is correct.
An accused can expressly admit the killing.
In State v. Yokum, 11 S. D. 544, 79 N. W. 835, Supreme Court of South Dakota, the killing was referred to as having been admitted by defendant.
The defendant testified in his own behalf and stated that he killed the deceased in self-defense, as shown by the narrative of the judge, made part of the hill of exceptions.
This is a direct statement made by the defendant and limited to the killing.
Having admitted the homicide under oath, the defendant is not in a position to deny the binding effects of his admission, nor can he be heard to urge that the charge is erroneous because the trial judge in his charge mentioned that he had thus testified.
The instruction did not go further than the admission of the defendant. He was not prejudiced.
Volenti non fit injuria.
This brings us to a consideration of the second objection urged by the defendant, that it was not incumbent upon him to show that he was justified in taking the life of the deceased, and that it was the state’s duty to-prove him guilty beyond a reasonable doubt.
A defendant may attempt to disprove the-guilt charged if he chooses. Not guilty is-the presumption until the contrary appears.
It is incumbent upon the state to prove his guilt.
*17 It is error to instruct the jury that, to “justify the taking of human life on the ground of self-defense, the • defendant must show that he, at the time of the killing, was in imminent danger of losing his life or receiving great bodily harm, and that the danger which threatened him could not have been avoided or prevented by other means than by killing the assailant.” Copying from the charge.
By the foregoing instruction, the onus of proof is made to shift from the state to defendant.
The best thoughts upon the subject are not in favor of the view above expressed.
In State v. Shea, 104 Iowa, 724, 74 N. W. 687, the court held that, in a prosecution for an assault with intent to do great bodily harm, the burden is on the state to prove beyond a reasonable doubt that the assault was not committed in self-defense.
This headnote of the decision clearly indicates the principle laid down.
A number of decisions are cited, rendering it evident that this is the view held by the courts of that state.
In Alabama, there is some inconsistency upon the subject. It remains that, in a number of decisions, it is decided that the onus of proof is with the state.
In Dent v. State, 105 Ala. 14, 17 South. 95, the judge charged that the jury must be satisfied that the defendant shot and killed under an immediate and impending sense of great danger to life or limb, either real or apparent, and that there was no other probable means of escape, and the defendant must not have been the aggressor.
The court held that this charge is fatally defective in that the burden of proof is changed, requiring the defendant to make out a case for the state, citing quite a number of decisions of the Supreme Court of that state in support of the correctness of the view expressed.
The point was thoroughly considered in Gravely v. State, 38 Neb. 871, 57 N. W. 751.
The burden of proof remains with the state in all criminal prosecutions, the court said.
The rule applies to any substantive defense which may be interposed to justify the act..
The court cited 1 Greenleaf on Evidence (15th Ed.) 81, notes; 3 Greenleaf on Evidence, 29, and note; People v. Riordan, 117 N. Y. 71, 22 N. E. 455; People v. Downs, 123 N. Y. 558, 25 N. E. 988; Tiffany v. Com., 121 Pa. 165, 15 Atl. 462, 6. Am. St. Rep. 775; Rudy v. Com., 128 Pa. 500, 18 Atl. 344; Com. v. McKie, 1 Gray (Mass.) 61, 61 Am. Dec. 410; People v. Coughlin, 65 Mich. 704, 32 N. W. 905; Lilienthal v. U. S., 97 U. S. 237, 24 L.Ed. 901; Howard v. State, 50 Ind. 190; 1 Bishop, Criminal Procedure, 669, 673.
The court adds that, even in those jurisdictions (in other states than in Louisiana) in which the burden of proving a distinct defense rests upon the prisoner, the rule is generally held not applicable, where it is sought to justify the act charged on the ground of self-defense, citing Tweedy v. State, 5 Iowa, 434; State v. Donahoe, 78 Iowa, 486, 43 N. W. 297; State v. Wingo, 66 Mo. 181, 27 Am. Rep. 329; People v. Rodrigo, 69 Cal. 601, 11 Pac. 481.
The court clearly reduces the point to the following, which we have abbreviated:
To constitute murder, the accused must have killed the deceased purposely and with malice.
If justifiable, it was not malicious; it was not murder or even manslaughter.
The defendant is not required to establish justification by preponderance of evidence, for, after considering all the evidence, if the-jury entertains a reasonable doubt of any fact essential to prove guilt, this doubt should be resolved in favor of defendant.
There was evidence in the cited case which tended to prove that the killing of the deceased was justifiable on the ground that the shooting was justifiable.
*19 With the state was the proof, and it was not entitled to a conviction unless the jury were satisfied heyond a reasonable doubt that the shooting was not justifiable.
The question has been passed upon in a number of cases. The most recent held that, nearly always, it is error to instruct the jury that the accused is required to justify the act on the ground of self-defense. Wilkins v. State, 98 Ala. 1, 13 South. 312; Gibson v. State, 89 Ala. 121, 8 South. 98, 18 Am. St. Rep. 96.
The following decisions of the Supreme Court of the United States are in line with the cited decisions above: Lilienthal’s Tobacco v. U. S., 97 U. S. 237, 24 L. Ed. 901; Potter v. U. S., 155 U. S. 438, 15 Sup. Ct. 144, 39 L. Ed. 214; Davis v. U. S., 160 U. S. 469, 16 Sup. Ct. 353, 40 L. Ed. 499.
We are not dealing with matters essential to prove self-defense.
We will state further that self-defense, while a legitimate defense, should not be used to defeat justice. The jury should weigh the evidence closely and allow no one guilty to escape.
The court instructs the jury in regard to all that constitutes self-defense.
As relates to the burden of proof, he instructs the jury that it does not shift; that is all. In every other respect, there is no change by this decision.
Our learned brother, we infer, has drawn inferences and arrived at conclusions after having consulted decisions in other jurisdictions.
The nisi prius judge, in view of conflicting decisions in other jurisdictions, sometimes meets with difficulty in arriving at his judgment. Even the most able will stumble.
For reasons assigned, the verdict and sentence are annulled, avoided, and reversed, and the case is remanded for further proceedings.