(55 South. 562.)

No. 18,799.

STATE v. VARNADO.

(June 5, 1911.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW (§ 935*)—NEW TRIAL—POWER OF COURT.

The trial court has the power to set aside a verdict not supported by sufficient evidence, and where the evidence is insufficient it must set aside the verdict on motion.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2297–2298; Dec. Dig. § 935.*]

2. HOMICIDE (§ 151*) — SELF-DEFENSE—BURDEN OF PROOF.

Accused, relying on self-defense, does not have the burden of proving that the killing was justifiable; but the state has the burden of proving beyond a reasonable doubt that the killing was not justifiable.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 276–278; Dec. Dig. § 151.*]

3. WITNESSES (§ 414*) — IMPEACHMENT — CORROBORATION.

Where a state's witness was impeached by the testimony of a witness for accused that the state's witness had stated that the district attorney had rehearsed the testimony of the state's witness, the district attorney, to corroborate the state's witness, was properly permitted to testify that there had not been any rehearsal of the testimony of the state's witness.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1287, 1288; Dec. Dig. § 414.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Lawrence Varnado was convicted of manslaughter, and he appeals. Reversed and remanded.

R. C. & S. Reid and Brittain B. Purser, for appellant. Walter Guion, Atty. Gen., and W. H. McClendon, Dist. Atty. (Thomas M. Bankston and G. A. Gondran, of counsel), for the State.

PROVOSTY, J. The accused was sentenced to one year in the penitentiary on conviction of manslaughter, and has appealed.

In overruling a motion for a new trial the learned trial judge said:

"The question which presents itself to the court is whether or not it is the duty of the court to pass upon the credibility of witnesses on this motion for a new trial; the question of facts being one entirely left to the jury under the law. The court will say, however, that its opinion of all the testimony does not leave that reasonable certainty on the mind of the court as to the guilt of the accused which the law requires of the juror; but the question being one solely of the evidence, and the jurors being the exclusive judges of that evidence, the court being as liable to err in its opinion of the credibility of the witnesses as the jurors, the court, with this statement of fact for the future guidance of the court in case the Supreme Court should hold that it is within the power of the district court to interfere with the verdict of the jury of the question of facts, the court overrules the motion for a new trial."

[1] So far as the question of power to have granted this new trial is concerned, we do not understand how our learned Brother could have doubted. Nobody has ever doubted that the trial judge has the power to set aside a verdict which in his opinion is "contrary to the evidence," or, in other words, not supported by the evidence. The existence of this power has been expressly recognized in innumerable cases. State v. Hauser, 112 La. 314, 36 South. 396; State v. Maloney, 115 La. 509, 39 South. 539; State v. Allen, 113 La. 705, 37 South. 614; State v. John, 109 La. 1089, 34 South. 98; State v. Moreau, 50 La. Ann. 9, 22 South. 966; State v. Seipel, 104 La. 73, 28 South. 880; State v. Miller, 107 La. 798, 32 South. 191; State v. Brown, 16 La. Ann. 384. And the question of duty in such a case is not more doubtful. The verdict in such a case is erroneous, and a verdict dictated by error is as much an instrument of injustice, and therefore as abhorrent to the law, whose minister the judge is, as a verdict dictated by prejudice, hatred, or fraud. Duty is the correlative of power. If in his greater knowledge and wider experience, to which the law has trusted in setting him up over the verdicts of juries, the judge is convinced that the jury condemned an accused in a case of reasonable doubt—that is to say, in a case in which the law enjoins there must be an acquittal and not a

condemnation—and he does nothing, he does wrong. To do nothing in that conjuncture, is to do wrong. The power has been intrusted to him to be exercised, not at his caprice, but in every case where his own enlightened judgment tells him an error has been committed. In the machinery for the administration of criminal justice he is the sole provision made for rectifying the verdicts of juries on questions of fact. If, therefore, in a proper case he fails to act, the accused is left remediless. Whether any particular case calls for his intervention is a matter for him, and him alone, to decide. Therefore the sentence and the judgment refusing the new trial will have to be set aside, and the case remanded for further action by the judge on the motion for new trial.

It may be well that we pass on some questions which are presented by the record and may come up again in case a new trial is granted.

[2] The judge charged as follows:

"Among the defenses in this case is the plea of self-defense. The plea of self-defense admits the killing, and the burden of proof is upon the defendant to establish the fact that the killing was done in the necessary defense of his life or person against loss or great bodily harm. He is not required, however, to prove it beyond a reasonable doubt, but to the satisfaction of the jury. It is sufficiently proven if, upon consideration of all the testimony, it creates in your minds a reasonable doubt as to the guilt or innocence of the accused."

This was error, and contrary to the recent decision of this court in the case of State v. Ardoin, ante, p. 14, 54 South. 407, from which we make the following excerpt:

"The plea of self-defense does not place upon the accused the burden of proving it, nor does it change the duty of the state to prove the guilt of the accused beyond doubt.

"If the killing was justifiable, the accused is not guilty of murder; and it therefore follows that the burden rests upon the state to prove beyond a reasonable doubt that the killing was not justifiable."

[3] Walter Speers, a witness for the state, having been asked, on cross-examination, whether he had not stated to Will Varnado that the district attorney had rehearsed his testimony with him, and having answered that he had made no such statement, and Will Varnado having testified that Speers had made such a statement to him, the district attorney was allowed to testify, over the objection of defendant, that there had never been any rehearsal of testimony between Speers and him. The purpose was to corroborate Speers by showing the improbability of his having made the statement in question.

We think the evidence was clearly admissible. Evidence is admissible to corroborate a witness who has been impeached. Marr's Crim. Juris. § 444, p. 747. Evidence irrelevant to the issues of a case is often admissible for corroborating a witness. Elliott, Ev. par. 190. Evidence to show that all intercourse between Speers and Will Varnado had been impossible would clearly have been admissible; for it would have established the truth of Speers' testimony and the falsity of Varnado's in regard to the statement in question having or not been made. So, in like manner, evidence tending to make the same proof was admissible.

Judgment set aside, and case remanded to be proceeded with according to law.

The CHIEF JUSTICE concurs in the decree.