MONROE, J.
Jim Herring and three others were prosecuted for murder. He and one other were convicted of manslaughter, and he alone has appealed. The point presented to this court arises from the refusal of the trial court to give the following charge:
“Where the defendant admits the killing and sets up the plea of self-defense, the burden _ of proof is upon the state to prove that the killing was unjustifiable. The burden of proof does not shift from the state to the defendant.”
The statement per curiam, which is added to the defendant’s bill of exception, is as follows:
“The court charged the jury that in all cases the law presumes every accused party innocent until his guilt has been established beyond a reasonable doubt, and that it is incumbent upon the state to prove guilt of an accused to the satisfaction of the jury and beyond a reasonable doubt. The law relative to the charge was very fully gone into and explained to the jury, and they were specially charged that they could not, under the law, return either of the respective verdicts against the accused parties, or either of them, until his or her guilt has been shown by the state to their satisfaction and beyond a reasonable doubt; that when an unlawful killing has been established (and) the plea of self-defense interposed this plea admits the killing, and it is incumbent upon the accused to show mitigation or excuse, unless the same arise out of the evidence introduced on the part of the prosecution. The charge, should be considered as a whole.”
We are compelled to agree with the learned district attorney and Attorney General that, in order to sustain the ruling complained of, we should be obliged to overrule the eases of State v. Ardoin, 128 La. 14, 54 South. 407, Ann. Cas. 1912C, 45, and State v. Varnado, 128 La. 883, 55 South. 562, in which it was held that:
“The plea of self-defense does not place upon the accused the burden of proving it; nor does it change the duty of the state to prove the guilt of the accused beyond a reasonable doubt.”
And that:
“Accused, relying on self-defense, does not have the burden of proving that the killing was justifiable; but the state has the burden of proving, beyond a reasonable doubt, that the killing was not -justifiable.”
The matter was carefully considered, and, though we appreciate the force of the argument and the weight of the authorities to the contrary, we find no sufficient reason for abandoning the position thus taken. The verdict and sentence appealed from are therefore set aside, and the case is remanded to be further proceeded with according to law.