O’NIELL, C. J.
Appellant was prosecuted for the crime of murder and convicted of manslaughter. She relies upon three bills of exception.
The first bill was taken to the count’s allowing the district attorney to propound a leading question to a witness for the state. The question and answer do not appear to have been at all important; and there is no suggestion that any harm resulted. Under the circumstances, we would not annul a verdict merely because the district attorney was allowed to propound a leading question to a witness for the state.
The second bill of exception was taken to an instruction given in the judge’s charge to the jury, on the law of self-defense. The instruction complained of was that, when the defendant, on trial for murder, pleaded self-defense, the killing was admitted. There was no dispute that the alleged victim of the homicide, a woman named Agnes Isadore, was killed. Therefore, the judge’s instruction, that the plea of self-defense was an admission of the killing, did not mean merely that it was admitted that the homicide had been committed by some one. The instruction meant' that the plea of self-defense was an admission,that the defendant'had done the killing. On the contrary, the statement of facts, taken down when the bill of exception was reserved, in compliance with the Act No. 113 of 1896, shows that the .defendant did not admit that she had done the killing. She testified that she had been attacked by a woman named Elvina Isadore, a sister of Agnes Isadore, armed with a knife; that she (defendant) drew a. knife to defend herself; and that, while she and Elvina Isadore were fighting with the knives, Agnes Isadore ran in between them to defend her sister and was slabbed; but-that-it was not known which knife struck Agnes Isadore. It may be inferred from the verdict that there was proof that it was the defendant’s knife that struck Agnes Isadore. But that was not admitted to be true. On the contrary, the attorneys for defendant argued to the jury that the stat'e had failed to prove beyond a reasonable doubt that the killing had been done by the defendant, and not by Elvina Isadore; and they argued, quite consistently, that, even if the jury should conclude that it was the defendant’s knife that had done the killing, she should be acquitted if she acted in self-defense, or even if there was a reasonable doubt as to whether she had acted'in self-defense. The judge’s charge to the jury was wrong and was very harmful, because it denied the defendant the benefit of any reasonable doubt' that the jury might have had as to whether the defendant herself or Elvina Isadore had done the killing.
It is not true, as an abstract principle of law, that a plea of self-defense, in a prosecution for murder or manslaughter, is an admission that the defendant did the killing. Self-defense is not a special plea. It comes under the general issue tendered by the plea of not guilty. The defendant' does not bear the burden of proof that he or she acted in self-defense. The state has to prove beyond a reasonable doubt that the homicide was committed feloniously and therefore not in self-defense. See State v. Ardoin, 128 La. 14, 54 South. 407, Ann. Cas. 19120, 45; State v. Varnabo, 128 La. 883, 55 South. 562; State v. Herring, 131 La. 972, 60 South. 634; State v. Sandiford, 149 La. 933, 90-South. 261.
The third bill of exception was reserved to the judge’s refusal to give this special charge, requested by defendant’s counsel, viz.:
“That, if a witness testifies deliberately and knowingly and falsely respecting any material fact, the jury is justified in disbelieving all the testimony of this particular witness unless corroborated.”
It is not denied that the judge instructed the jurors, in his general charge, that they *69 were the judges of the credibility of the witnesses and might believe or doubt the testimony of any witness, not arbitrarily, of course, but for any good reason. The special charge requested by defendant’s counsel announced such a trite and fundamental proposition that we assume the jury had enough intelligence without it. In fact, the requested charge would have been somewhat unfavorable to the defendant, in that' it would have conveyed the idea that the jurors were compelled to believe all of the testimony of any witness — even the testimony of a proven liar — in so far as his testimony was corroborated by any other evidence. There was no error in the judge’s refusal to give the specific charge requested.
The district attorney has filed in this court a motion to have the ease remanded to have the judge of the district court add a statement per curiam to each bill of except tion. The judge, of course, has not made any such request. There was no necessity for his adding a statement per curiam to the bills of exception, because the facts were taken down by the court stenographer, at the time each bill was reserved, in compliance with the Act ’No. 113 of 1896, and the transcript of the stenographer’s notes, approved by the deputy clerk who served as minute clerk, is attached to each bill. We will not now, especially without any showing of fraud or error, remand the case for the purpose of allowing the official record which was made in open court, and approved by the minute clerk and by the judge himself, to be contradicted by the recollection of the judge or of any other officer of the court, two months after the occurrences were recorded.
On account of the erx-or of the judge in charging the jury that the defendant’s plea of self-defense was an admission that she had done the killing, the verdict must be set aside and the case remanded for a new trial.
The verdict and sentence are annulled and the case is ordered x-emanded to the district court for a new trial.
ROGERS, J., concurs in the result.