(101 South. 19)

No. 26670.

### STATE v. CONDA.

(June 20, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⊚⟿406(4), 1172(2)—Charge that plea of self-defense constituted admission of killing held prejudicial error.**

Charge that plea of self-defense was admission of killing *held* erroneous and prejudicial.

2. **Homicide ⊚⟿151(3)—Burden upon state to prove killing not in self-defense.**

Burden is not upon accused to prove he acted in self-defense, but state must prove beyond reasonable doubt that killing was felonious, and therefore not in self-defense.

3. **·Criminal law ⊚⟿1163(1)—Accused receives benefit of doubt as to whether error prejudicial.**

Accused should receive benefit of doubt as to whether error was prejudicial.

Appeal from Sixth Judicial District Court, Parish of Morehouse; Fred M. Odom, Judge.

William Conda, alias William Bell, was convicted of manslaughter, and appeals. Verdict and sentence annulled, and case remanded for new trial.

Todd & Todd, of Bastrop, for appellant.

Percy Saint, Atty. Gen., and David I. Garrett, Dist. Atty., of Monroe (Percy T. Ogden of Crowley, and M. M. Irwin, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

ROGERS, J. Defendant was indicted for the murder of one Jim Thornton. He was tried, found guilty of manslaughter, and duly sentenced. He prosecutes this appeal, relying upon four bills of exception.

As, in our opinion, the case is disposed of by one of these bills, it is unnecessary for us to consider the others.

The record shows that during a difficulty which arose between defendant and one Rube Newton, and while they were firing at each other with pistols, Thornton, a bystander, was killed.

The trial judge, at the request of the state's attorney, charged the jury that where the defendant set up a plea of self-defense it was an admission of the killing. Counsel for defendant excepted to this charge, reserving his bill which appears as No. 2 in the record.

[1, 2] The charge was error. It is not true as an abstract principle of law that a plea of self-defense, in a prosecution for murder or manslaughter, is an admission that the defendant did the killing. Self-defense is not a special plea. It is involved in the general issue tendered by the plea of not guilty. The burden is not upon the accused to prove that he acted in self-defense. It is upon the state to prove beyond a reasonable doubt that the killing was done feloniously, and therefore not in self-defense. State v. Linden, 154 La. 65, 97 South. 299; State v. Sandiford, 149 La. 933, 90 South. 261; State v. Herring, 131 La. 972, 60 South. 634; State v. Varnado, 128 La. 883, 55 South. 562; State v. Ardoin, 128 La. 14, 54 South. 407, Ann. Cas. 1912C, 45.

The trial judge, in an addendum to the bill, states that there never was any denial by defendant that a bullet from his pistol

killed the deceased; that the shooting took place in a crowded room; that defendant shot at Rube Newton, and killed the deceased, who was standing just beyond Newton from defendant; that all of the testimony showed that defendant urged the plea of self-defense, claiming that Newton shot at him first; that the case hinged upon the question whether the defendant would have been excusable had he killed Newton; and that he did not think defendant was prejudiced by the charge.

Defendant, on the other hand, as shown by the record, at no time admitted the killing. There is an obvious distinction between the express admission of a fact and the failure to deny that fact. Non constat that the witness may have been interrogated concerning the fact he is alleged not to have denied. In the case at bar, however, defendant was not required to deny the killing; the state carried the burden of proving beyond a reasonable doubt that he feloniously committed the homicide.

While the trial judge, undoubtedly, has set forth the facts as he appreciated them, there is testimony in the record showing that Newton, and not defendant, was the aggressor, and that he fired the first shot. There is also some evidence in the record showing that the parties fired simultaneously.

The judge does not state in positive language that the charge was not harmful to the defendant; he merely contents himself with the statement that he does not think it was prejudicial.

[3] It is frequently very difficult to draw the line between error which is harmful and error which is not. Where doubt is present, the accused should receive the benefit.

In the present case the charge that the plea of self-defense admitted the killing might well have carried the implication to the jury that the burden was on the defendant to show a justifiable homicide, and not upon the state to establish a felonious one. It may have also limited the consideration of the jury to the question of whether the proof was satisfactory that defendant, and not Newton, fired the first shot, or the fatal shot. If the testimony left it doubtful whether the first shot, or the shot which killed Thornton, was fired by Newton or by the defendant, he was entitled to the benefit of the doubt.

That the accused cannot be convicted without proof beyond a reasonable doubt of his guilt should be left in no uncertainty by the charge, and if the instruction as to that requisite for conviction tends to mislead or confuse the jury he is entitled to a new trial.

For the reasons assigned, the verdict and sentence are annulled, and the case is remanded to the district court for a new trial.