O’NIELL, Chief Justice
 

 (concurring in the decree).
 

 My only reason for concurring in the decree rendered in this case is that the complaints which the defendant made in his motion for a new trial, and in the bill of exceptions which he reserved to the overruling of his motion, were abandoned by his failure to object and to reserve bills of exception during the trial. It is too well settled to require citation of authority that a defendant in a criminal prosecution cannot successfully set up by way of a motion for a new trial complaints of rulings which he failed to except to during the progress of the trial.
 

 In State v. Richardson, 175 La. 823, 144 So. 587, a majority of the members of the court — of which majority I was not one— were of the opinion that the question whether the defendant or the man whom he killed was the aggressor in the fatal difficulty was a question for the judge to decide; hence the conviction and sentence in that ease were set aside and the case was remanded for a new trial because the court decided from the evidence that the man who was killed was the aggressor in the fatal difficulty. For that reason the court — or a majority of the members of the court — ruled that the trial
 
 *786
 
 judge was wrong in his refusal to admit evidence of the dangerous character of the man who was killed. My own opinion was, and is yet, that the evidence of the dangerous character of the man who was killed was admissible for the purpose — and only for the purpose — of corroborating the testimony to the effect that the man who was killed was the aggressor in the fatal difficulty and that the defendant acted in self-defense.
 

 Of course, if this court, or the Legislature, should adopt a rule of evidence to the effect that evidence should not be admissible at all to prove previous threats or the dangerous character of the prosecuting witness in a case like this, or of the party killed in a homicide case, the rule would not be an anomalous rule, although it would be a harsh rule. But it is conceded that, under the law of this state, such evidence is admissible in such cases, in support of a plea of self-defense. And it is, or must be, conceded that such evidence is not relevant to any other question but the question whether the defendant acted in self-defense. Wharton’s Criminal Evidence (10th Ed.) vol. 1, p. 246, No. 63a. It is well settled also that the defendant in a ease like this, or in a homicide case, does not bear the burden of proof that he acted in self-defense, because the state must prove beyond a reasonable doubt that the defendant acted willfully, and not in self-defense. State v. Ardoin, 128 La. 14, 54 So. 407, Ann. Cas. 1912C, 45; State v. Varnado, 128 La. 883, 55 So. 562; State v. Herring, 131 La. 972, 60 So. 634; State v. Johnson, 149 La. 927, 90 So. 257, 258; State v. Scarborough, 152 La. 677, 94 So. 204; State v. Vial, 153 La. 883, 96 So. 796; State v. Linden, 154 La. 66, 97 So. 299; State v. Conda, 156 La. 679, 101 So. 19. These decisions have never been overruled, and there is no authority whatever to the contrary.
 

 I adhere, therefore, to what I said in State v. Richardson, that a rule of evidence which concedes that evidence of the dangerous character of the deceased or injured person, or of previous threats made by him, is admissible in a case like this, or in a homicide case, for the purpose only of corroborating the testimony to the effect that the defendant acted in self-defense — and which forbids the defendant to introduce such evidence until he has proven to the satisfaction of the judge that he acted in self-defense — is such an inconsistent, illogical, and unreasonable rule that it violates the due process clause of the Constitution of the United States (Const. U. S. Amend. 14, § 1), besides violating the fundamental guaranty in our state Constitution, that the jury shall decide all questions of fact on which depends the question of guilt or innocence of the party accused. The rule declares that the evidence is admissible, but forbids the defendant to introduce it until he has proven his innocence and therefore has no need for the evidence. Why should a defendant ever offer such evidence as relates to his plea of self-defense, after he has proven to the satisfaction of the judge that he acted in self-defense, and is entitled to a new trial if the jury convicts him?