80 So.2d 420

STATE of Louisiana

v.

John CARTER.

No. 41840.

April 25, 1955.

Ped C. Kay, De Ridder, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Peter S. Anderson, Dist. Atty., Jack L. Simms, Leesville, for appellee.

McCALEB, Justice.

This case comes before us again after a remand to the trial court for the purpose of enabling the State to show, contradictorily with the appellant, whether or not the minutes of the court revealed the true facts with respect to certain errors claimed by

appellant to be patent on the face of the record, and also for the purpose of having the minutes of the proceedings below corrected and completed, if need be.

Appellant was indicted and tried for murder, found guilty of manslaughter and sentenced to three years at hard labor in the State Penitentiary. He prosecuted this appeal from his conviction, relying on four bills of exceptions reserved during the trial as grounds for a reversal. In addition, he specified six other errors in the proceedings, patent on the face of the record, as a basis for the annulment of his conviction. These claimed defects were that the minutes of court and the record did not affirmatively show that the Grand Jury was impaneled and returned the indictment in open court, or that appellant was present during all stages of the trial, or that he was served with a copy of the indictment and a list of jurors before the trial.

Being of the opinion that the minutes of the court were deficient, we remanded the case for the purpose above stated. See State v. Carter, 226 La. 281, 76 So.2d 6. After hearing evidence relative to the true circumstances of the proceedings before, during and after the trial, the judge ordered that the minutes be corrected. As thus revised, the minutes exhibit that appellant was present at all stages of the proceedings and that every other legal formality was observed by the State; hence, there were no errors in this respect.

■ During the taking of evidence on the remand of the case, counsel for appellant objected to the introduction of parol testimony for the purpose of showing error in the minutes of the court and, upon the overruling of this objection, reserved a bill of exceptions.

We think that the objection is frivolous. Parol evidence is usually the only type of proof available to correct errors in a written record of events. Counsel has not cited any authority and we know of none holding that parol evidence is inadmissible for the purpose of amending the minutes in accordance with the true facts.

Counsel for appellant also objected to the order of the Court correcting the minutes claiming that the testimony adduced on the remand does not support the changes effected by the order. A bill of exceptions was reserved when this objection was overruled.

■ This bill is likewise without merit. The evidence establishes that the former minutes of court did not reflect the true facts and we find that the corrected minutes are in keeping with the proof which discloses that all formalities of law were fulfilled.

Passing on to a consideration of the bills of exceptions taken by appellant during the trial, we find that only three of them require discussion, as the fourth, which was taken to the overruling of a motion for

a new trial, merely reiterates the alleged errors set forth in the first three.

■ The first bill was reserved to the overruling of a motion to quash the indictment. This motion challenges on two grounds the constitutionality of Act No. 2 of the Extra Session of 1950, under which the Louisiana Revised Statutes of 1950 were adopted. One of the grounds of attack has been abandoned by appellant in this court but he still stresses his other claim that the act violates Section 16 of Article 3 of the Constitution, which requires that every statute shall embrace but one object and have a title indicative of the object, save that the Legislature may enact or revise a system of laws of a general or public nature by means of a single statute "such as the general statutes, or a codification of laws on the same general subject matter, or both * * *" and that, in such case, its title need only refer to the general purpose and scope of the statute.

It is the argument of counsel for appellant that, since the title of Act No. 2 of the Extra Session of 1950 merely declares that its purpose is "To revise the laws of the State of Louisiana of a general or public nature and to consolidate them into a system of laws * * *" and does not state that the enactment of a code of laws on the same general subject matter is within its scope, Chapter 1 of Title 14[1]

enacting the "Louisiana · Criminal Code" (see R.S. 14:1), is unconstitutional as its adoption is not mentioned or indicated in the title.

We find no substance in the contention. It is clear that the title of Act No. 2 of 1950, Ex. Sess., signifying the purpose of revising all of the laws of the State "* * * of a general or public nature and to consolidate them into a system of laws", is sufficiently broad to include all laws which have been heretofore enacted in codal form such as the "Louisiana Criminal Code", formerly Act No. 43 of 1942.

The second bill of exceptions was taken to the overruling of another motion of appellant to quash the indictment. This motion is premised on the idea that, because the district attorney had previously charged appellant with manslaughter in a bill of information upon which issue had been joined by appellant's plea of not guilty, the prosecution was thereby estopped from trying him on the indictment for murder which was subsequently returned by the Grand Jury while the charge of manslaughter was still pending. The basis for counsel's argument seems to be that a person who has been charged with a lesser offense may not subsequently be charged with a greater offense growing out of the same set of facts or transaction.

■ No law or authority is cited by counsel in substantiation of his position and

1. Appellant is charged under R.S. 14:30

we know of nothing in law or reason which supports· it. The motion to quash was therefore· properly overruled.

On the other hand, Bill of Exceptions No. 3, which was taken to the refusal of the judge to give a special charge relative to·the burden of proof when self-defense is an issue, presents a serious question of law. Before the argument, defense counsel requested in writing that the judge charge the jury that "The burden is not upon the accused to prove that he acted in self-defense. It is upon the State to prove beyond a reasonable doubt that the killing was felonious and criminal and was not therefore done in self-defense". The judge declined to give this charge on the grounds· that "(a) it does not, without further · explanation, correctly express the law, and (b) because the general charge as given correctly expresses the law on the subject."

. Under Article 390 of the Code of Criminal Procedure, R.S. 15:390, it is incumbent upon the judge to give every requested charge "that is wholly correct and wholly pertinent, unless the matter contained in such charge have been already ·given, or unless such charge require qualification, limitation or explanation."

It appears to us that the first reason assigned by:the judge for refusing the charge is not well grounded. Self-defense being an issue in the case, the requested charge was wholly pertinent and wholly correct. It is the well-settled jurisprudence of this court that an accused relying on self-defense does not have the burden of proving that the killing was justifiable or that he acted in self-defense; "It is upon the state to prove beyond a reasonable doubt that the killing was done feloniously, and therefore not in self-defense." State v. Conda, 156 La. 679, 101 So. 19, 20².

Nor do we find that the substance of the requested charge is contained in the general charge given by the judge. Whereas the general charge is quite comprehensive, containing instructions upon essential phases of the law applicable to the case, including self-defense, presumption of innocence and reasonable doubt, nowhere therein is to be found an instruction to the jury relative to the burden of proof when self-defense· is an issue. Indeed, insofar as instructions on burden of proof are concerned, the charge given by the judge does no more than satisfy the requirements of Article 387 of the Code

2. See also State v. Ardoin, 128 La. 14, 54 So. 407; State ·v. Varnado, 128 La. 883, 55 So. 562; State v. Herring, 131 La. 972, 60 So. 634; State v. Sandiford, 149 La. 933, 90 So. 261; State v. Scarborough, 152 La. 669, 94·So. 204; ·State v. Linden, 154 La. 65, 97 So. 299; State v. Richardson, 175 La. 823, 144 So. 587; State v. Seal, 175 La. 103, 143 So. 18; ·State v. Disotell, 181 La. 149, 158 So. 825 and State v. Smith, 212 La. 863, 33 So.2d 664.

of Criminal Procedure, R.S. 15:387, which makes it mandatory for the judge to charge the jury that the accused is presumed to be innocent until his guilt shall have been established beyond a reasonable doubt and that it is the duty of the jury, in considering the evidence and in applying the law to it, to give the accused the benefit of every reasonable doubt arising out of the evidence. Such a general instruction does not afford a valid basis for refusal of a requested charge on a particular subject which is wholly correct and wholly pertinent.

It is well stated in the text of Corpus Juris Secundum, Vol. 41, under the title Homicide, § 384, that "The court must instruct the jury as to whether the burden of proof as to self-defense is on the state or on the accused." In this State, where the burden of proof remains with the prosecution, even though self-defense is pleaded, we deem it essential that the jury be advised of the law on the subject, and a general charge as to burden of proof and presumption of innocence will not suffice as a substitute.

For this reason, the verdict and sentence are set aside and the case is remanded for a new trial according to law.