SCHOTT, Judge,
concurring.
We are compelled to reverse this conviction because the state could not carry its burden of establishing beyond a reasonable doubt that defendant did not act in self defense as required by State v. Lynch, 436 So.2d 567 (La.1983), State v. Savoy, 418 So.2d 547 (La.1982), State v. Patterson, 295 So.2d 792 (La.1974), and numerous cases cited therein. This principle has prevailed in Louisiana at least as far back as State v. Ardoin, 128 La. 14, 54 So. 407 (1911).
In the application of this principle to this case I am convinced that the trial judge erred in failing to grant defendant’s motion for a directed verdict. At that point the only evidence linking defendant to the crime was his voluntary statement to agents in Omaha that he had killed the victim during a struggle in self defense. As pointed out by the majority, the state’s own witness, the coroner, had testified that the victim’s wounds were consistent with self defense, and the photographs are “at best, ambiguous” on whether a struggle had ensued between the defendant and the victim before he was killed. When the case *149 is compared to State v. Savoy, 418 So.2d 547 (La.1982) the conclusion is inescapable that the state failed to carry the heavy burden placed on it to prove a negative.
As an intermediate appellate court it is our function to follow and apply principles laid down by the Supreme Court. We are a court of result and are not at liberty to develop legal principles at variance with those developed by the Supreme Court, no matter how seriously we may question them. However, it is my view that the question of who has the burden of proof in a case such as this should be re-examined by the Supreme Court because the present rule does not comport with the interests of today’s society.
When one person kills another he should be held accountable for this drastic act. He ought to be expected to come forward with a full explanation of all of the circumstances which led up to the killing. He should not be permitted to present a self serving statement to the police and sit by while the state wrestles with the sometimes impossible burden of proving he was not justified in the killing of another human being. At this point in the development of our civilization, when society has a paramount interest in curbing violence, it would not be unreasonable for the courts to place the burden on the defendant in a case like this to prove he was justified in killing another human being.
I note from Justice Lemmon’s dissent in State v. Lynch supra that my position may have some support in higher places.